## TEXAS EMPLOYERS' INS. ASS'N v. TABOR. (No. 630—4490.)*

(Commission of Appeals of Texas, Section B. May 19, 1926.)

1. Contracts ⬩103.

Contract which cannot be performed without violation of law is void whether parties knew law or not.

2. Contracts ⬩153.

Where contract is capable of two interpretations, one rendering it valid will be adopted in preference to the one rendering it void.

3. Master and servant ⬩361—Compensation recoverable by injured employee under contract of employment not conclusively shown to be in violation of law (Pen. Code 1911, art. 299; Vernon's Ann. Civ. St. Supp. 1918, art. 5246—82).

Contract of employment which does not conclusively show that it was intended to be performed on Sunday, in violation of Pen. Code 1911, art. 299, held not void, and hence employee might recover compensation for injuries sustained thereunder, under Vernon's Ann. Civ. St. Supp. 1918, art. 5246—82; question of intention to violate law being for jury.

4. Contracts ⬩175(1)—Evidence ⬩65.

Parties to contract are presumed to know the law and to intend agreement to have legal effect.

5. Trial ⬩139(1).

Assignment of error to refusal to direct verdict will be overruled, where evidence raised a question for jury.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by Jim Tabor against the Texas Employers' Insurance Association to set aside an award of the Industrial Accident Board denying plaintiff any relief. Judgment for plaintiff was affirmed by the Court of Civil Appeals (274 S. W. 309), and defendant brings error. Affirmed.

Hickman & Bateman, of Breckenridge, and Lawther, Pope, Leachman & Lawther, of Dallas, for plaintiff in error.

Will R. Saunders, of Breckenridge, for defendant in error.

SPEER, J. This suit was brought by Jim Tabor against Texas Employers' Insurance Association to set aside an award of the Industrial Accident Board denying him any relief. It was alleged by the plaintiff that he was an employee of the Fulwiler Motor Company, which was a subscriber under the Workmen's Compensation Act, carrying a policy of insurance for the protection of its employees. There was a trial before a jury, resulting in a judgment for the plaintiff for $5,581.09. The insurance association appealed to the Court of Civil Appeals, where the judgment was affirmed. 274 S. W. 309. The writ of error granted the association challenges practically every question decided by the Court of Civil Appeals. We shall not discuss all the questions presented, since most of them were decided by the Court of Civil Appeals upon reasons satisfactory to us. The principal question involved, and the one upon which the writ of error is granted, is that

"the Employers' Liability Act [Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.] does not cover employees (purported) employed in violation of the Penal Code or of the plain statutory provisions of the Employers' Liability Act itself." The point is that plaintiff in error contends Tabor was employed by the Fulwiler Motor Company to perform an act of labor on a Sunday in violation of our Penal Code 1911, art. 299. The only contract of hire between the Fulwiler Motor Company and Jim Tabor was one by which Tabor undertook to go in company with a Mr. Snaer to Eastland county to see a Mr. Myers and obtain from him payment for a certain truck which had been sold by the motor company to Myers as a member of the firm of Tabor & Myers, and, in the event of failure to collect, to retake possession of the truck. While he was in the act of attempting to carry out this employment, he received the injuries for which he sued, through the overturning of an automobile in which he and Snaer were riding. The trip to Eastland county was made, and the injuries of Tabor received, on Sunday. It may be conceded, for the purposes of this decision, that, if both parties to the contract of employment contemplated that the labor was to be performed on Sunday, such agreement was void as being contrary to public policy, and in violation of the penal statute forbidding such work on Sunday.

The Court of Civil Appeals overruled the contention of invalidity upon the reasoning that the breach of the Sunday law was not the efficient cause of, and did not contribute to, his injuries. This may be a material inquiry in a negligence case, where the act through which the employee is injured happens to be in violation of some law. The question of proximate cause is of vital importance in negligence cases. Paragon Oil Syndicate v. Rhoades Drilling Co. (Tex. Com. App.) 277 S. W. 1036; 25 R. C. L. p. 1450, § 51. But the principle is not applicable to cases of contract. A contract which has for its purpose the violation of a law cannot be valid. It is void. The obligation of a contract is based upon the agreement of the parties, it is true, but it receives its binding force from the sanction of law. It is not every mutual agreement that makes a lawful contract. The law will not enforce an agreement to do that which the same law says shall not be done. It would, therefore, be anomalous, indeed, if the law were to sanction contracts which violate the law. The law prohibiting the end will not lend its aid in promoting the means designed to carry it into effect.

[1-5] Now, the very right of defendant in error to recover as an employee of Fulwiler Motor Company depends upon his showing that he was in the service of that company under a "contract of hire," for, unless there is a "contract of hire," he is not an employee within the meaning of the Workmen's Compensation Act. Vernon's Texas Civil Statutes, 1918 Supplement, art. 5246—82. If the agreement between the motor company and defendant in error was void, then there was no contract, and, of course, no employer or employee. In such a case it is not a question of proximate cause with respect to the injury, but, rather, it is a question of contract or no contract.

Now plaintiff in error's presentation of this matter is through an assignment of error complaining that the trial court erred in refusing its summary instruction to return a verdict in its favor. The invalidity of the contract is urged as one of the reasons why the summary instruction should have been given, but in no event can it be said the contract indisputably is void.

A contract to do a thing which cannot be performed without a violation of the law is void, whether the parties knew the law or not, and accordingly it is said:

"Where a contract could have been performed in a legal manner as well as in an illegal manner, it will not be declared void because it may have been performed in an illegal manner, since bad motives are never to be imputed to any man where fair and honest intentions are sufficient to account for his conduct." 6 R. C. L. 694, § 100.

This is but another way of stating the well-recognized rule of construction that, where a contract is capable of two interpretations, the one rendering it void and the other valid, the latter will always be adopted. All parties are presumed to know the law, and are likewise presumed to intend that their agreement shall have legal effect. The evidence in this case shows, or tends to show, that the contract of employment was made on Friday or Saturday, and there is nothing whatever to show conclusively, if at all, that it was contemplated the work should be done on Sunday. The most that can be said is that the evidence raises the issue of such intention, and, therefore, of such invalidity, and the matter was one for the jury, but no complaint is made that the issue was not submitted to the jury; the only complaint being as above stated, that a summary instruction for the defendant was refused. This was properly refused for the reason stated.

The other questions have been satisfactorily discussed by the Court of Civil Appeals, save that of the arguments of counsel for the plaintiff, complained of as presenting reversible error. We find nothing in the argument that transcends the limits of proper practice. The trial court instructed the jury to disregard that portion which appears most likely to offend, and, considering the entire record, there is nothing to indicate that such argument had any improper effect upon the verdict. Certainly there has been no abuse of the trial court's discretion in the matter.

We therefore recommend that the judgments of both courts be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.