I. H. LEWIS V. C. D. DAVIS.

No. A-995. Decided January 22, 1947.
(199 S. W., 2d Series, 146.)

470

*E. P. Price,* of Tyler, for petitioner.

It was error for the Court of Civil Appeals to affirm the action of the trial court in sustaining defendants exception to plaintiff's petition and in dismissing the case. Floyd v. Patterson, 72 Texas 202, 205, 10 S. W. 526; Labbe v. Corbett, 69 Texas 503, 6 S. W. 808; Patti-Joyner v. City Bank, 41 S. W. 173, 177.

*Lasseter, Spruiell, Lowry, Potter & Lasater* and *Chas. F. Potter,* all of Tyler, for respondent.

The exception was properly sustained. Wiggins v. Bisso, 92 Texas 219, 47 S. W. 637; Herren v. Hollingsworth, 140 Texas 263, 167 S. W. (2d) 735.

MR. JUDGE SMEDLEY delivered the opinion of the Court.

The Court of Civil Appeals affirmed the judgment of the District Court sustaining a special exception to the petition and dismissing the suit after petitioner, who was plaintiff, declined to amend. 195 S. W. (2d) 771.

After introductory allegations, the first paragraph of the petition is as follows:

"That on or about the 1st day of August, 1938, the plaintiff and defendant associated themselves together for the purpose of engaging in the oil, gas and mineral business and for the purpose of acquiring, developing, operating, selling and dealing in oil and gas leases and royalties and mineral interest generally. The said plaintiff and the said defendant in virtue of said association being partners in the ownership of all such leases,

royalties and mineral interests acquired by them, or either of them, and in all commissions and other remuneration received by them, or either of them, in such business whether in the nature and form of commissions or otherwise and in whomsoever any such property and interests were taken or remunerations were received the plaintiff owning one-half interest and the defendant owning one-half interest therein."

Other allegations of the petitioners are in substance: There were acquired by the parties oil, gas and mineral leasehold interests and other mineral interests in land in several counties in East Texas. Attached to the petition as Exhibit A is a list of the properties so acquired by the defendant, and as Exhibit B a list of the properties so acquired by the plaintiff. The defendant has acquired other such interests in other properties and has received commissions in the pursuit of the business. Whatever interest was acquired by or in the name of plaintiff or by or in the name of defendant, all such interests were and are jointly owned by plaintiff and defendant, but defendant refuses to recognize plaintiff's interest in the properties, and is threatening and attempting to deprive plaintiff of his interest therein and to appropriate the same and the proceeds and benefits derived therefrom to his own use. Whether the term "partners" is applied to the relation between the parties or not, one-half of the oil, gas and mineral interests, of whatever nature and character, that have been acquired by defendant during the period, was acquired by him in trust for plaintiff. In the alternative plaintiff alleges that he has advance to defendant $10,000.00 and has rendered services to defendant of the reasonable value of $5,000.00. The prayer is that plaintiff have judgment establishing the interests of the parties in the oil, gas and mineral interests and properties acquired either by plaintiff or by defendant during the said period, and impressing a trust in favor of plaintiff for his portion and interest therein, and dissolving the partnership, that the properties and interests be partitioned, and for a full accounting "with respect to said properties and interest." In the alternative plaintiff prays for judgment for the $10,000.00 advanced as for money had and received and for $5,000.00 for services rendered.

The exhibits are descriptions of many oil and gas leases and a number of royalty interests, most of them being in Exhibit A, alleged to show the properties acquired by the defendant or in his name.

The exception sustained by the trial court is that the peti-

tion is fatally defective because it is not alleged that either the plaintiff or the defendant was a licensed dealer under the Texas Securities Act (Article 600a, Vernon's Annotated Civil Statutes) and that "the alleged agreement would be illegal and unenforceable unless plaintiff alleges that he or defendant was a licensed dealer under the Texas Securities Act at the time of the making of such alleged agreement."

■ In our opinion the court erred in sustaining the exception and dismissing the suit. Both the trial court and the Court of Civil Appeals seem to have assumed that the parties formed a partnership or other association for the purpose of becoming dealers in securities without registering as such under the terms of the Texas Securities Act. After indulging that assumption, the two courts held that the agreement by which the partnership or association was formed was illegal. The sufficiency of the petition is to be tested by the allegation that it contains or fails to contain. The agreement alleged in the petition is a lawful agreement. There is no allegation that the parties intended to sell or to become dealers in securities without registering under the Securities Act, and no allegation that they in fact did not register. The agreement alleged is simply that they associated themselves together to acquire, operate, develop, sell and deal in oil and gas leases and other mineral interests. It is not to be assumed that they made or intended to make an unlawful agreement, or that in associating themselves together they intended to engage in business without compliance with the laws that regulated the business. On the contrary, if assumptions are to be indulged, we should assume that when the parties formed their association they intended to comply with existing laws applicable to their business, and particularly that they intended to comply with the requirements of the Securities Act in the event they became, in the course of their business, issuers, dealers or salesmen under the terms of the Act.

■■ "A contract to do a thing which cannot be performed without a violation of the law is void." Texas Employers' Ins. Ass'n. v. Tabor, (Com. App.) 283 S. W. 779. See also 12 Am. Jur. pp. 647-648, Sec. 153. But where the illegality does not appear on the face of the contract it will not be held void unless the facts showing its illegality are before the court. Mullin v. Nash-El Paso Motor Co., 250 S. W. 472, application for writ of error refused; 17 C. J. S. p. 670, Sec. 281, 12 Am. Jur. p. 744, Sec. 224. When two constructions of a contract are possible, preference will be given to that which does not result in violation

of law. Great Northern R. Co. v. Delmar Co., 283 U. S. 686, 75 L. Ed. 1349; 12 Am. Jur. pp. 793-794, Sec. 251. See also Texas Employers' Ins. Ass'n. v. Tabor (Com. App.) 283 S. W. 779. A contract that could have been performed in a legal manner will not be declared void because it may have been performed in an illegal manner. Labbe v. Corbett, 69 Texas 503, 6 S. W. 808; 12 Am. Jur. p. 647, Sec. 153. According to the forgoing settled rules, the contract by which the parties associated themselves together, as alleged in the petition, must be held valid and not illegal. And there are no allegations showing illegality in the advancements of funds or in the services rendered, for which petitioner sues in the alternative count of his petition.

In view of another trial, and since the question whether recovery should be denied petitioner for failure to comply with requirements of the Securities Act is suggested by the exception and discussed in the briefs, reference will be made to some of the rules that may be applicable to the facts to be developed by further pleading and by evidence.

The petition alleges that the parties formed a partnership, or other association, to acquire, develop, operate and sell oil and gas leases and other mineral interests. There are no allegations that the parties or either of them developed or operated, for oil, gas or other minerals, land held under a lease or any other instrument. In Herren v. Hollingsworth, 140 Texas 263, 167 S. W. (2d) 735, Herren, a broker, sued Hollingsworth, a landowner, for compensation for negotiating a contract for drilling an oil and gas well on Hollingsworth's land. It was held under the facts of that case that Herren was not required to allege in his petition that he was duly licensed and registered under the Securities Act.

The petition alleges that both petitioner and respondent acquired oil and gas leases and royalty interests. The primary purpose of petitioner's suit as disclosed by the petition is to establish his ownership of a half interest in the oil and gas leases and other mineral interests acquired in the name of respondent and described in Exhibit A of the petition. As was held in Fowler v. Hults, 138 Texas 636, 161 S. W. (2d) 478, the Texas Securities Act was intended to regulate sellers and sales of securities and to protect purchasers against sellers, and does not undertake to regulate purchases or to protect sellers against purchasers. Neither petitioner nor respondent was required to register under the Securities Act as a condition precedent to acquiring oil and gas leases or other mineral interests.

The Securities Act (Acts Regular Session, 44th Legislature, Chapter 100) was amended in 1941 by adding to it Sections 33a and 33b (Acts Regular Session, 47th Legislature, Chapter 363). Section 33a relates to the remedy of the purchaser against the seller. Section 33b provides that no person or company shall bring or maintain an action for the collection of a commission or compensation "for services rendered in the sale or purchase of securities, as that term is herein defined without alleging and proving that such person or company was duly licensed under the provisions hereof and the securities so sold or purchased. were duly registered under the terms hereof." We do not construe this added section to intend, on account of its use of the words "sale or purchase of securities" and "securities so sold or purchased" to work changes in the general purpose of the Act and so amend it as to require the procuring of permits or licenses by those who buy securities and the registration of securities for the protection of sellers against buyers.

■ As is pointed out in Fowler v. Hults, 138 Texas 636, 161 S. W. (2d) 478, the Securities Act in all of its many sections makes careful and detailed provision for the registration of dealers in securities, that is, persons engaging in the business of selling securities, and for permits for the issuance of securities, that is, securities issued to be sold,—all for the protection of buyers against sellers. The Act does not undertake to prescribe a plan for the registration of buyers of securities or methods for the protection of sellers against buyers. Had it been intended by the amendment of the Act made in 1941 so radically to change it as to make its various requirements applicable to buyers as well as to sellers, that intention certainly would have been more clearly and explicitly shown. The reasonable construction to be placed on Section 33b is that it means that a person, who is required by the terms of the Act to register as a dealer, salesman or agent or to obtain a permit, may not bring or maintain an action for commission or compensation for his services performed as such dealer, salesman or agent without alleging and proving that he was duly licensed and the securities duly registered under the Act. A construction of Section 33b as intending to change all of the various sections and provisions of the Act so as to make them apply to buyers as well as to sellers would be contrary at least to the spirit and purpose of Section 36 of Article III of the Texas Constitution, which prohibits amendments of laws, or sections of laws, by reference.

■ It follows that if petitioner by reason of an agreement with or a relation to respondent became the owner or the equitable

owner of a one-half interest in the oil and gas leases and other mineral interests acquired by respondent and by petitioner, he can maintain suit to establish and enforce his interest against respondent, even though neither petitioner nor respondent registered under the Securities Act. The conclusion last expressed is subject to qualification to this extent: if it is shown when the facts are developed that the contract by which the partnership or association was formed or the transactions pursuant to the contract were illegal in part, and the illegal provision or the illegal transactions cannot be separated from what is legal, the taint may extend to the whole so that neither party may have relief against the other. The rights of the parties to a contract or transaction illegal in part have been discussed and determined in many cases. Williston on Contract (1938) Vol. 6, pp. 6060-6069, Secs. 1779-1784; 12 Am. Jur. pp. 737-740, Secs. 220-221; 17 C. J. S. pp. 664-665, Séc. 277, pp. 674-679, Sec. 289.

In Kadane v. Clark, 135 Texas 496, 143 S. W. (2d) 197, the Court held that an assignment of an oil and gas lease is a security within the meaning of the Securities Act, and that the plaintiff, who had not registered, could not recover a commission for selling an oil and gas leasehold interest, because he acted in violation of the law in making the sale.

■ The petition prays for an accounting "with respect to said properties and interest" without alleging that the property described in the petition or the properties and interest as to which accounting is sought, are profits or proceeds from sales of securities or from commissions for selling securities. The general rule is that "no accounting or recovery of profits can be had by one party to an illegal transaction against another." Williston on Contracts (1938) Vol. 6, p. 6069, Sec. 1785. It has been thus stated: "The rule supported by the weight of authority is that the courts will not aid in the division of the profits of an illegal transaction between associates, although there are cases that hold that, in the case of a completed transaction, one of the associates in possession of the proceeds cannot set up the illegality as against the claims of the others." 17 C. J. S. pp. 664-665, Sec. 277.

Among the cases holding that between partners there may be an accounting or profits or assets acquired from illegal transactions are Pfeuffer v. Maltby, 54 Texas 454; De Leon v. Trevino, 49 Texas 88, and Brooks v. Martin, 2 Wall. 70, 17 L. ed. 732. The opinion in Wiggins v. Bisso, 92 Texas 219, 47 S. W.

637, discusses the peculiar facts of those cases and thus approves the principle that controlled the decision of them: "There can be no doubt that where the parties have jointly, in the pursuit of an illegal purpose, acquired money and invested that money in property which is in the possession of one of the joint owners, such possessor cannot resist the claim of the others on the ground of the illegality of the business in which the money was first acquired; it was not necessary for plaintiff to prove the partnership because the cotton was bought for the firm, not in the course of the unlawful business." Recovery of his share of the profits was denied to the plaintiffs in the Wiggins case, in which the partnership had been formed for the express and sole purpose of making and carrying out a contract between the partnership and another association, which in its terms was a distinct violation of the anti-trust law of the state. The suit was for a division of the profits from the unlawful contract which were in the possession of one of the partners and had not been invested in other property.

Rogers v. Traders & General Ins. Co., 135 Texas 149, 139 S. W. (2d) 784, and Service Mutual Insurance Company v. Blain, 140 Texas 541, 169 S. W. (2d) 854, are not decisive of the question or questions that seem to be presented by the allegations of the petition in the instant case. Those cases hold, as do many others, that a contract made in violation of a statute is void; but the exact question decided in them is that an employee of a bakery who, at the time he was employed did not have in his possession a health certificate, did not become an employee under the workmen's compensation law, and was not entitled to compensation under that law. The decisions were rested upon the definition of an employee in the workmen's compensation law (before the amendment in 1943, Acts Regular Session, 48th Legislature, Chapter 176) as one who is in the service of another under a contract of hire and upon Article 705 of the Penal Code which prohibited anyone operating a bakery, meat market, etc., from employing any person who does not have a health certificate in his possession at the time of his employment. It was held that the plaintiff, not having a health certificate, did not become an employee under the compensation law because the contract by which he was employed was illegal, being in violation of that statute, Article 705.

■ The principle that seems to have controlled the decision in Paragon Oil Syndicate v. Rhoades Drilling Co., 115 Texas 149, 277 S. W. 1036, is that when the violation of a law is only inci-

dental to the contract sought to be enforced, it does not render the contract invalid.

The general rule that denies relief to a party to an illegal contract is expressed in the maxim, In pari delicto portior est conditio defendentis. 17 C. J. S. p. 656, Sec. 272. The rule is adopted, not for the benefit of either party and not to punish either of them, but for the benefit of the public. 12 Am. Jur. p. 729, Sec. 214. In many cases relief is granted to the party who is not in pari delicto. American National Ins. Co. v. Tabor, 111 Texas 155, 230 S. W. 397; Pioneer Mutual Compensation Corp. v. Diaz, 142 Texas 184, 177 S. W. (2d) 202; Graham v. Dean, 144 Texas 61, 188 S. W. (2d) 372; 12 Am. Jur. pp. 734-735, Sec. 217. It has been said that even where the parties are in pari delicto relief will sometimes be granted if public policy demands it. 12 Am. Jur. pp. 729-730, Sec. 214. There is often involved, in reaching a decision as to granting or withholding relief, the question wheteher the policy against assisting a wrongdoer outweighs the policy against permitting unjust enrichment of one party at the expense of the other. The solution of the question depends upon the peculiar facts and the equities of the case, and the answer usually given is that which it is thought will better serve public policy. Graham v. Dean, 144 Texas 61, 188 S. W. (2d) 372; Scott's The Law of Trusts, Vol. 3, pp. 2196-2197, Sec. 422; Benefits under Illegal Transactions, by John W. Wade, 25 Texas Law Review, pp. 31-62.

A test, sometimes used in determining whether a demand connected with an illegal transaction can be enforced, is whether the plaintiff requires any aid from the illegal transaction to establish his case. Floyd v. Patterson, 72 Texas 202, 10 S. W. 526; Pioneer Mutual Compensation Corp. v. Diaz, 142 Texas 184, 177 S. W. (2d) 202.

The rules and authorities which have been discussed and cited should be helpful in the decision of the case when the facts are fully developed.

The judgments of the Court of Civil Appeals and the District Court are reversed, and the cause is remanded to the District Court.

Opinion delivered January 22, 1947.