Shirley Marie BIXENSTINE, Individually and as Independent Executrix of the Estate of Cyril Glenn Bixenstine, Deceased, Appellant,

v.

Fred PALACIOS, Appellee.

No. 13–89–225–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 28, 1991.

John Robert King, McAllen, Phil Harris, Weslaco, Marlane A. Meyer, McAllen, for appellant.

Oscar Palacios, Pharr, for appellee.

Before NYE, C.J., and SEERDEN and KENNEDY, JJ.

## OPINION

SEERDEN, Justice.

This is a summary judgment case. Appellant's cause of action is based upon the claim for damages resulting from appellee's alleged fraud and misrepresentation in connection with her execution of certain notes individually and in her capacities as administratrix of the estates of her son, John Bixenstine, and husband, Cyril Bixenstine, both deceased. Though the suit originally included other parties, all claims have been disposed of except those concerning appellee, Fred Palacios. Summary judgment was granted in his favor. We reverse the judgment and remand this case to the trial court.

Appellant's pleadings allege that John Bixenstine operated a business under the name of J.P. Chandler Construction Company. In November, 1983, Chandler entered into a contract to build a project for the Donna Housing Authority. Appellant's pleadings allege that Palacios entered into a common law partnership with John Bixenstine during this time. As part of the financing for the Donna Housing Authority project, and partly through the efforts of Palacios, the First National Bank in Edinburg issued letters of credit to J.P. Chandler Company, Fred Palacios and Antonio Martinez to guarantee the completion of the project by Chandler and subcontractors, Palacios and Martinez. John Bixenstine, Palacios and Martinez executed notes to the bank to secure the letters of credit. The bank also lent other monies to Chandler. These loans were secured by the co-signing of Cyril Bixenstine, John's father, as well as the mortgaging of a warehouse in Hidalgo County and a family farm in Illinois, owned by Cyril.

Cyril Bixenstine died on April 26, 1983. Shirley Bixenstine alleges that on August 1, 1983, at the instigation of Palacios, she met with officers of the Bank, Palacios, and her son, John Bixenstine, and was induced into signing a contract with the Bank which purported to be a settlement of indebtedness. Additionally, she executed a promissory note in the amount of $1,227,-202.63 individually and on behalf of the estate of her husband. Shirley further alleges that Palacios had a side agreement with the Bank to eliminate his liability by the execution of the August 1, 1983 note.

Palacios specifically denied that he had entered into a common law partnership with John Bixenstine for the Donna Housing Project, that he introduced John to the Bank, that bonds were issued to the Donna Housing Authority to guarantee overall completion and completion of the subcontracts handled by Palacios and Martinez, that he instigated Shirley's meeting with

the Bank's officers, that he had any association with Antonio Martinez with regard to the project, that he had arranged any financing with the Bank, John Bixenstine, and J.P. Chandler Company, and that he was a partner of Martinez' at the time of the project. Further, he contended that the two notes he had entered into with regard to the project were as an accommodation to John and Cyril Bixenstine and that he had received no consideration for the execution of the notes.

Palacios moved for summary judgment based on the theory that he was an accommodation maker of the two notes that he signed, and thus is not liable for contribution, that Cyril and John Bixenstine knew that Palacios was not to be liable on the notes, that the Illinois property was to be sold and the proceeds first applied to the Palacios notes, and that the proceeds for the notes were to be wholly for the use of J.P. Chandler Company and John Bixenstine. In support of his motion, Palacios relied on his own affidavit, his subcontract agreement with J.P. Chandler for the Donna Housing Project, the mortgage of the Illinois farm, the promissory notes, and the unverified deposition of Buddy Leigh, the officer of the Bank. Shirley Bixenstine responded to the motion, alleging that material issues of fact existed concerning whether Palacios did receive a benefit from signing the notes and thus was liable to her for contribution. The trial court granted summary judgment in favor of Palacios.

■■■ By her second point of error, which we will discuss first, appellant alleges that the trial court erred in granting summary judgment because the documents and deposition excerpts submitted by Palacios were improperly authenticated and thus, should not have been considered by the trial court. During the hearing on the motion for summary judgment the trial court requested further evidence to support the claims made by the parties. The court told the parties not to return, but to send a letter with more evidence. Palacios filed a pleading entitled "Defendant Fred Palacios Submission of Information Requested by Court at Summary Judgment Hearing." Attached to this pleading were unverified excerpts of deposition testimony of Buddy Leigh, a Bank officer and the custodian of records of the Bank, Antonio Martinez, and Palacios, offered for the purpose of showing that Palacios was never meant to be liable on the notes, and was merely an accommodation maker.

Excerpts from depositions upon which a movant for summary judgment relies must be offered as summary judgment evidence. *Kotzur v. Kelly*, 791 S.W.2d 254, 255 (Tex. App.—Corpus Christi 1990, no writ); *Mendez v. International Playtex, Inc.*, 776 S.W.2d 732, 733 (Tex.App.—Corpus Christi 1989, writ denied). Unsworn deposition testimony will not constitute summary judgment evidence. *Carr v. Hertz Corp.*, 737 S.W.2d 12, 13 (Tex.App.—Corpus Christi 1987, no writ). When offering these excerpts, the movant must authenticate them and attach them to the motion. *Mendez*, 776 S.W.2d at 733. To properly authenticate copies of deposition excerpts, a party must accompany the copies with 1) the parties' own affidavit certifying the truthfulness and correctness of the copied materials, and 2) the court reporter's certificate. *Deerfield Land Joint Venture v. S. Union Realty Co.*, 758 S.W.2d 608, 610 (Tex.App.—Dallas 1988, writ denied); *see also* Tex.R.Civ.P. 166a(c), (e); Tex.R.Civ. Evid. 901, 902.

The absence of proper authentication is substantive and, as such, may be raised for the first time on appeal. *See Trimble v. Gulf Paint & Battery, Inc.*, 728 S.W.2d 887, 889 (Tex.App.—Houston [1st Dist.] 1989, no writ). In the present case, Palacios neither filed an affidavit verifying the truthfulness and correctness of the documents, nor filed a court reporter's affidavit included in the proffered documents. These documents were not proper summary judgment evidence and will not be considered. Appellant's second point of error is sustained.

■■■ By her first point of error, Bixenstine alleges that the trial court erred in granting Palacios' motion for summary judgment because material fact issues existed which were not resolved. A defen-

dant who moves for a summary judgment based on an affirmative defense has the burden to conclusively prove all the elements of the affirmative defense as a matter of law so that there is no genuine issue of material fact. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–311 (Tex.1984). Unless the movant conclusively establishes the affirmative defense, the non-movant plaintiff has no burden in response to a motion for summary judgment based on the affirmative defense. *Torres v. Western Casualty & Sur. Co.*, 457 S.W.2d 50, 52 (Tex.1970). Palacios' summary judgment motion was based on the assertion that the uncontradicted summary judgment evidence established that he was an accommodation maker on the two notes, that Cyril Bixenstine, John Bixenstine, and J.P. Chandler Construction Company knew that the Bixenstine's Illinois property was to be sold and the proceeds first applied to the Palacios notes, and that the proceeds from the notes were to be wholly for the use and benefit of J.P. Chandler Construction Company and John Bixenstine. If we consider the evidence offered by Palacios without the unauthenticated deposition testimony, the only evidence before the trial court were the notes in question, the contracting agreement for the Donna Housing Project, and the affidavit of Palacios, stating that he signed the obligations to the Bank because Cyril and John Bixenstine told him that he "had nothing to worry about because Cyril Glenn Bixenstine was going to pledge his Illinois farmland to the bank and that in the event of default, the value of the land, which was over $1,000,000.00, according to their representations, would take care of [his] two notes." The affidavit further stated that Palacios never received any proceeds from the loans, and that he was not a partner of Antonio Martinez. Tex.Bus. & Comm.Code Ann. § 3.415(a) (Vernon 1968) provides that an accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it. Any person who signs an instrument in any capacity for the purpose of lending his credit to another party to the instrument is not liable to the party accommodated and may, as against the accommodated party, offer oral proof of his status. *Darden v. Harrison*, 511 S.W.2d 925, 927 (Tex.1974). Upon signing a note as an accommodation maker, the accommodating party becomes liable to the payee as a surety on the instrument for his comaker. *Ward v. Vaughn*, 298 S.W.2d 862, 866 (Tex.Civ.App.—Galveston 1957, no writ). The intention of the parties is of course, a significant element in making this determination. *Dalton v. George B. Hatley Co., Inc.*, 634 S.W.2d 374, 378 (Tex.App.—Austin 1982, no writ). The essential element that the party claiming accommodation status must prove is that the party claimed to be accommodated received the signature of the surety for the sole purpose of obtaining credit thereby, under an agreement that the accommodated party is principally responsible for payment at maturity, or that the instrument was executed for a limited purpose. *Darden*, 511 S.W.2d at 928.

Tex.Bus. & Comm.Code Ann. § 3.118(5) (Vernon 1968), however, states that unless the instrument otherwise specifies, two or more persons who sign as maker, acceptor, drawer or indorser and as part of the same transaction, are jointly and severally liable. When an instrument does not specify otherwise, a person who signs along with another in the lower right corner on lines for signatures of makers is liable as a maker. *See Riley v. First State Bank, Spearman*, 469 S.W.2d 812, 817 (Tex.Civ.App.—Amarillo 1971, writ ref'd n.r.e.). Moreover, it is presumed that one signs as a comaker unless the suretyship appears on the face of the note. *Caldwell v. Stevenson*, 567 S.W.2d 278, 280 (Tex.Civ.App.—Austin 1978, no writ). Between one another, comakers are presumed liable in equal amounts. *Id.* The evidence offered by Palacios is insufficient to overcome these presumptions. Because Palacios did not carry his burden of establishing that his capacity was that of an accommodation party, the summary judgment must be reversed. Appellant's first point of error is sustained. The summary judgment is reversed and remanded to the trial court, and the appellee's motion for leave to file state-

ment of facts and motion to supplement the record, previously carried with the case, are denied. Because of our disposition of these two points, it is unnecessary to discuss appellant's remaining point. *See* Tex. R.App.P. 90(a).