TEXAS LIFE, ACCIDENT, HEALTH AND HOSPITAL SERVICE INSURANCE GUARANTY ASSOCIATION, Assignee of J. Robert Hunter, Permanent Receiver of Texas Consumer Life Insurance Company, Appellant,

v.

LORENA STATE BANK, Appellee.

No. 03–95–00145–CV.

Court of Appeals of Texas, Austin.

Nov. 22, 1995.

Rehearing Overruled Jan. 10, 1996.

Peter A. Nolan, Sheinfeld, Maley & Kay, P.C., Austin, for Appellant.

R. Kemp Kasling, Jenkens & Gilchrist, Austin, for Appellee.

Before POWERS, ABOUSSIE and KIDD, JJ.

ABOUSSIE, Justice.

J. Robert Hunter, Permanent Receiver for Texas Consumer Life Insurance Company (the "Receiver"), filed suit against appellee Lorena State Bank (the "Bank") seeking a declaratory judgment that the Receiver was the rightful owner of a certificate of deposit (the "CD") in the Bank's possession. The Bank counterclaimed, seeking a declaratory judgment that it was the rightful owner of the CD. Upon cross-motions for summary judgment, the district court granted judgment for the Bank. The Receiver assigned his claims against the Bank to Texas Life, Accident, Health and Hospital Service Insurance Guaranty Association (the "Guaranty Association"). The Guaranty Association appealed the trial court's judgment. We will reverse the judgment below and remand the cause to the trial court.

## BACKGROUND

Rory Younger was an owner and operator of the Cooper–Younger Insurance Agency ("Cooper–Younger") as well as its wholly-owned subsidiary, Texas Consumer Life Insurance Company ("TCLIC"). Mr. Younger executed a series of promissory notes payable to the Bank secured by CD's placed with the Bank as a compensating balance. As each note matured, Younger repaid it partially in cash and partially by executing a renewal note secured by a new CD. Each CD was an asset belonging to TCLIC.

On June 16, 1989, Younger executed the final $90,000 note secured by a renewed $90,-000 CD placed with the Bank as a compensating balance. Regarding this final note and CD, Younger and the Bank executed an agreement (the "Agreement") pledging the CD as collateral for the note. One month later the final note matured, and the makers defaulted on their obligations to pay the sums due.

Meanwhile, TCLIC experienced deteriorating financial conditions. In February 1989, the Commissioner of Insurance placed TCLIC under conservatorship and ordered the conservator to take control of TCLIC's operations and accounts. In November 1989, TCLIC was placed in receivership.

The Receiver filed this suit against the Bank seeking a declaratory judgment that he was the rightful owner of the CD. The Bank counterclaimed seeking a declaratory judgment that it was the rightful owner of the CD under both the Agreement and the common-law right of offset. Upon cross-motions for summary judgment, the district court granted judgment for the Bank. The Receiver assigned his claims against the Bank to the Guaranty Association which appeals the trial court's judgment.

## DISCUSSION

■ The standards for reviewing a motion for summary judgment are well established: (1) The movant for summary judgment has the burden of showing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence most favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). The purpose of summary judgment is not to deprive litigants of the right to a trial, but to eliminate patently unmeritorious claims and defenses. *See Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (1952).

In point of error three, the Guaranty Association claims that the trial court erred in granting summary judgment for the Bank because the Receiver presented proof that appellee's ownership rights in the CD derived from illegal and unenforceable agreements. Article 21.39–B, § 1 of the Texas Insurance Code (the "Code") provides in pertinent part:

Any director, member of a committee, or officer, or any clerk of a domestic [insurance] company, who is charged with the duty of handling or investing its funds, *shall not ... be interested* in any way *in any loan, pledge, security,* or property *of such company,* except as stockholder....

Tex.Ins.Code Ann. art. 21.39–B, § 1(3) (West Supp.1995) (emphasis added). Appellant contends that Younger violated Article 21.39–B, § 1 of the Code by pledging an insurance company asset, the CD, as security for a personal loan. As such, appellant argues that the Bank's ownership interests are void and unenforceable and that we must reverse the summary judgment granting the Bank ownership of the CD. *See Lewis v. Davis*, 145 Tex. 468, 199 S.W.2d 146, 148–49 (1947); *Texas Employers Ins. Ass'n v. Tabor*, 283 S.W. 779, 780 (Tex.Comm'n App.1926, judgm't adopted); *Ben E. Keith Co. v. Lisle Todd Leasing, Inc.*, 734 S.W.2d 725, 727 (Tex.App.—Dallas 1987, writ ref'd n.r.e.) (illegal contracts are void and courts shall not enforce them).

The Bank alleges that appellant did not present this argument to the trial court and therefore has failed to preserve the issue for appeal. *See* Tex.R.App.P. 52(a). We disagree. In Plaintiff's Response to Defendant's Motion for Summary Judgment, the Receiver apprised the trial court of this theory, referring specifically to Article 21.39–B, § 1 of the Code. We will consider the issue on the merits.

■ Under section 3.403(b) of the Business and Commerce Code, one who signs a negotiable instrument is presumed to be personally liable thereon if the signer does not indicate that the execution is made merely in a representative capacity. *See* Tex.Bus. & Com.Code Ann. § 3.403(b) (Tex.UCC) (West 1994) (the "UCC"); *Griffin v. Ellinger*, 538 S.W.2d 97, 100 (Tex.1976). The UCC also presumes that when two or more parties sign a note, each party is jointly and severally liable as a maker thereon. *See* Tex.Bus. & Com.Code Ann. § 3.118(5) (Tex.UCC) (West 1994); *Bixenstine v. Palacios*, 805 S.W.2d 889, 892 (Tex.App.—Corpus Christi 1991, no writ). The signer bears the burden of disproving personal liability. *See Griffin*, 538 S.W.2d at 100; *Bixenstine*, 805 S.W.2d at 892.

■ From our record, it appears that Younger signed the last note executed once as "Rory Younger" over his typewritten name alone and twice more as "Rory Younger" over his typewritten name as agent for two companies. Unless he can overcome the presumption of personal liability, Younger apparently would be jointly and severally liable on the note as a principal/co-maker.

*See Griffin,* 538 S.W.2d at 100; *Bixenstine,* 805 S.W.2d at 892.

If Younger is a co-maker of the note, then both the note itself and the Agreement pledge the CD, an asset of TCLIC, as collateral for Younger's personal obligation on the note. Therefore, *if* Younger is personally liable on the note, we hold that he was "interested" in the pledge of the CD within the meaning of Article 21.39–B, § 1. *See* Tex.Ins.Code Ann. art. 21.39–B, § 1(3) (West Supp.1995). Consequently, the Bank's claim of an ownership interest in the CD would be void and unenforceable. *See Lewis,* 199 S.W.2d at 148–49; *Tabor,* 283 S.W. at 780; *Ben E. Keith Co.,* 734 S.W.2d at 727.

We hold that the summary judgment evidence does not establish as a matter of law that Younger was not personally liable on the final note. Younger has not overcome, as a matter of law, the presumptions in favor of (1) personal liability, and hence (2) "involvement" in the pledge of company assets contrary to Article 21.39–B, § 1. Therefore, the trial court erred in granting summary judgment that the Bank had, as a matter of law, an ownership interest in the CD superior to that of the Receiver's.

Because we reverse the summary judgment on the aforementioned issue, we need not consider appellant's remaining points of error.

## CONCLUSION

Having sustained appellant's third point of error, we reverse the trial court's judgment and remand the cause to the court below for proceedings not inconsistent with this opinion.