Grnty. Ass. v. Lorena 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00145-CV







Texas Life, Accident, Health and Hospital Service Insurance Guaranty


Association, Assignee of J. Robert Hunter, Permanent Receiver


of Texas Consumer Life Insurance Company, Appellant



v.



Lorena State Bank, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 93-14231-A, HONORABLE PETE LOWRY, JUDGE PRESIDING








 J. Robert Hunter, Permanent Receiver for Texas Consumer Life Insurance
Company (the "Receiver"), filed suit against appellee Lorena State Bank (the "Bank") seeking a
declaratory judgment that the Receiver was the rightful owner of a certificate of deposit (the
"CD") in the Bank's possession. The Bank counterclaimed, seeking a declaratory judgment that
it was the rightful owner of the CD. Upon cross-motions for summary judgment, the district
court granted judgment for the Bank. The Receiver assigned his claims against the Bank to Texas
Life, Accident, Health and Hospital Service Insurance Guaranty Association (the "Guaranty
Association"). The Guaranty Association appealed the trial court's judgment. We will reverse
the judgment below and remand the cause to the trial court.



 BACKGROUND


 Rory Younger was an owner and operator of the Cooper-Younger Insurance
Agency ("Cooper-Younger") as well as its wholly-owned subsidiary, Texas Consumer Life
Insurance Company ("TCLIC"). Mr. Younger executed a series of promissory notes payable to
the Bank secured by CD's placed with the Bank as a compensating balance. As each note
matured, Younger repaid it partially in cash and partially by executing a renewal note secured by
a new CD. Each CD was an asset belonging to TCLIC.

 On June 16, 1989, Younger executed the final $90,000 note secured by a renewed
$90,000 CD placed with the Bank as a compensating balance. Regarding this final note and CD,
Younger and the Bank executed an agreement (the "Agreement") pledging the CD as collateral
for the note. One month later the final note matured, and the makers defaulted on their
obligations to pay the sums due. 

 Meanwhile, TCLIC experienced deteriorating financial conditions. In February
1989, the Commissioner of Insurance placed TCLIC under conservatorship and ordered the
conservator to take control of TCLIC's operations and accounts. In November 1989, TCLIC was
placed in receivership. 

 The Receiver filed this suit against the Bank seeking a declaratory judgment that
he was the rightful owner of the CD. The Bank counterclaimed seeking a declaratory judgment
that it was the rightful owner of the CD under both the Agreement and the common-law right of
offset. Upon cross-motions for summary judgment, the district court granted judgment for the
Bank. The Receiver assigned his claims against the Bank to the Guaranty Association which
appeals the trial court's judgment.



DISCUSSION


 The standards for reviewing a motion for summary judgment are well established:
(1) The movant for summary judgment has the burden of showing that no genuine issue of
material fact exists and that the movant is entitled to judgment as a matter of law; (2) in deciding
whether there is a disputed material fact issue precluding summary judgment, evidence most
favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be
indulged in favor of the nonmovant and any doubts resolved in its favor. Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). The purpose of summary judgment is
not to deprive litigants of the right to a trial, but to eliminate patently unmeritorious claims and
defenses. See Gulbenkian v. Penn, 252 S.W.2d 929, 931 (Tex. 1952). 

 In point of error three, the Guaranty Association claims that the trial court erred
in granting summary judgment for the Bank because the Receiver presented proof that appellee's
ownership rights in the CD derived from illegal and unenforceable agreements. Article 21.39-B,
§ 1 of the Texas Insurance Code (the "Code") provides in pertinent part:



Any director, member of a committee, or officer, or any clerk of a domestic
[insurance] company, who is charged with the duty of handling or investing its
funds, shall not . . . be interested in any way in any loan, pledge, security, or
property of such company, except as stockholder . . . .



Tex. Ins. Code Ann. art. 21.39-B, § 1(3) (West Supp. 1995) (emphasis added). Appellant
contends that Younger violated Article 21.39-B, § 1 of the Code by pledging an insurance
company asset, the CD, as security for a personal loan. As such, appellant argues that the Bank's
ownership interests are void and unenforceable and that we must reverse the summary judgment
granting the Bank ownership of the CD. See Lewis v. Davis, 199 S.W.2d 146, 148-49 (Tex.
1947); Texas Employers Ins. Ass'n v. Tabor, 283 S.W. 779, 780 (Tex. Comm'n App. 1926,
judgm't adopted); Ben E. Keith Co. v. Lisle Todd Leasing, Inc., 734 S.W.2d 725, 727 (Tex.
App.--Dallas 1987, writ ref'd n.r.e.) (illegal contracts are void and courts shall not enforce them). 

 The Bank alleges that appellant did not present this argument to the trial court and
therefore has failed to preserve the issue for appeal. See Tex. R. App. P. 52(a). We disagree. 
In Plaintiff's Response to Defendant's Motion for Summary Judgment, the Receiver apprised the
trial court of this theory, referring specifically to Article 21.39-B, § 1 of the Code. We will
consider the issue on the merits. 

 Under section 3.403(b) of the Business and Commerce Code, one who signs a
negotiable instrument is presumed to be personally liable thereon if the signer does not indicate
that the execution is made merely in a representative capacity. See Tex. Bus. & Com. Code Ann.
§ 3.403(b) (Tex. UCC) (West 1994) (the "UCC"); Griffin v. Ellinger, 538 S.W.2d 97, 100 (Tex.
1976). The UCC also presumes that when two or more parties sign a note, each party is jointly
and severally liable as a maker thereon. See Tex. Bus. & Com. Code Ann. § 3.118(5) (Tex.
UCC) (West 1994); Bixenstine v. Palacios, 805 S.W.2d 889, 892 (Tex. App.--Corpus Christi
1991, no writ). The signer bears the burden of disproving personal liability. See Griffin, 538
S.W.2d at 100; Bixenstine, 805 S.W.2d at 892.

 From our record, it appears that Younger signed the last note executed once as
"Rory Younger" over his typewritten name alone and twice more as "Rory Younger" over his
typewritten name as agent for two companies. Unless he can overcome the presumption of
personal liability, Younger apparently would be jointly and severally liable on the note as a
principal/co-maker. See Griffin, 538 S.W.2d at 100; Bixenstine, 805 S.W.2d at 892.

 If Younger is a co-maker of the note, then both the note itself and the Agreement
pledge the CD, an asset of TCLIC, as collateral for Younger's personal obligation on the note. 
Therefore, if Younger is personally liable on the note, we hold that he was "interested" in the
pledge of the CD within the meaning of Article 21.39-B, § 1. See Tex. Ins. Code Ann. art.
21.39-B, § 1(3) (West Supp. 1995). Consequently, the Bank's claim of an ownership interest in
the CD would be void and unenforceable. See Lewis, 199 S.W.2d at 148-49; Tabor, 283 S.W.
at 780; Ben E. Keith Co., 734 S.W.2d at 727.

 We hold that the summary judgment evidence does not establish as a matter of law
that Younger was not personally liable on the final note. Younger has not overcome, as a matter
of law, the presumptions in favor of (1) personal liability, and hence (2) "involvement" in the
pledge of company assets contrary to Article 21.39-B, § 1. Therefore, the trial court erred in
granting summary judgment that the Bank had, as a matter of law, an ownership interest in the
CD superior to that of the Receiver's. 

 Because we reverse the summary judgment on the aforementioned issue, we need
not consider appellant's remaining points of error.



CONCLUSION


 Having sustained appellant's third point of error, we reverse the trial court's
judgment and remand the cause to the court below for proceedings not inconsistent with this
opinion.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Kidd

Reversed and Remanded

Filed: November 22, 1995

Publish 



 for a personal loan. As such, appellant argues that the Bank's
ownership interests are void and unenforceable and that we must reverse the summary judgment
granting the Bank ownership of the CD. See Lewis v. Davis, 199 S.W.2d 146, 148-49 (Tex.
1947); Texas Employers Ins. Ass'n v. Tabor, 283 S.W. 779, 780 (Tex. Comm'n App. 1926,
judgm't adopted); Ben E. Keith Co. v. Lisle Todd Leasing, Inc., 734 S.W.2d 725, 727 (Tex.
App.--Dallas 1987, writ ref'd n.r.e.) (illegal contracts are void and courts shall not enforce them). 

 The Bank alleges that appellant did not present this argument to the trial court and
therefore has failed to preserve the issue for appeal. See Tex. R. App. P. 52(a). We disagree. 
In Plaintiff's Response to Defendant's Motion for Summary Judgment, the Receiver apprised the
trial court of this theory, referring specifically to Article 21.39-B, § 1 of the Code. We will
consider the issue on the merits. 

 Under section 3.403(b) of the Business and Commerce Code, one who signs a
negotiable instrument is presumed to be personally liable thereon if the signer does not indicate
that the execution is made merely in a representative capacity. See Tex. Bus. & Com. Code Ann.
§ 3.403(b) (Tex. UCC) (West 1994) (the "UCC"); Griffin v. Ellinger, 538 S.W.2d 97, 100 (Tex.
1976). The UCC also presumes that when two or more parties sign a note, each party is jointly
and severally liable as a maker thereon. See Tex. Bus. & Com. Code Ann. § 3.118(5) (Tex.
UCC) (West 1994); Bixenstine v. Palacios, 805 S.W.2d 889, 892 (Tex. App.--Corpus Christi
1991, no writ). The signer bears the burden of disproving personal liability. See Griffin, 538
S.W.2d at 100; Bixenstine, 805 S.W.2d at 892.

 From our record, it appears that Younger signed the last note executed once as
"Rory Younger" over his typewritten name alone and twice more as "Rory Younger" over his
typewritten name as agent for two companies. Unless he can overcome the presumption of
personal liability, Younger apparently would be jointly and severally liable on the note as a
principal/co-maker. See Griffin, 538 S.W.2d at 100; Bixenstine, 805 S.W.2d at 892.

 If Younger is a co-maker of the note, then both the note itself and the Agreement
pledge the CD, an asset of TCLIC, as collateral for Younger's personal obligation on the note. 
Therefore, if Younger is personally liable on the note, we hold that he was "interested" in the
pledge of the CD within the meaning of Article 21.39-B, § 1. See Tex. Ins. Code Ann. art.
21.39-B, § 1(3) (West Supp. 1995). Consequently, the Bank's claim of an ownership interest in