# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-10-00211-CV

**Bob T. Patterson, Appellant**

**v.**

**Perry Pritchard, Appellee**

### FROM THE DISTRICT COURT OF LLANO COUNTY, 424TH JUDICIAL DISTRICT
### NO. 16134, HONORABLE PAUL DAVIS, JUDGE PRESIDING

### C O N C U R R I N G   A N D   D I S S E N T I N G   O P I N I O N

I concur with the majority that appellee Perry Pritchard's no-evidence motion for summary judgment was procedurally improper because Pritchard bore the burden of proving his affirmative defense of illegality. *See* Tex. R. Civ. P. 166a(i). I cannot agree, however, with the majority's conclusion that Pritchard failed to prove that the contract was illegal as a matter of law. I therefore respectfully dissent to the portion of the majority opinion reversing the trial court's summary judgment.

The practice of law embraces all advice to clients and all action taken for them in matters connected with the law. *Brown v. Unauthorized Practice of Law Comm.*, 742 S.W.2d 34, 41 (Tex. App.—Dallas 1987, writ denied). A person may confer legal advice not only by word of mouth, but also by a course of conduct that encourages litigation and the prosecution of claims. *Id.*

at 40. A non-lawyer may not advise individuals of their legal rights, duties, and privileges under the law. *Id.*

The language of the agreement—requiring Patterson to "obtain payment of the notes . . . or [] obtain a return of the underlying collateral property," allowing Pritchard to terminate the contract if no lawsuit is pending within three years, and allowing Patterson to terminate the contract if he sees "no reasonable sufficient legal grounds" to anticipate recovery—makes clear that the parties intended that the property or debt owed would be recovered by a lawsuit. Because Patterson was personally charged with obtaining payment on the notes and because the parties anticipated that this would be done through a lawsuit, we must necessarily interpret the agreement as requiring Patterson to oversee and manage that lawsuit. Pritchard, in his deposition, supported this interpretation of the contract, explaining that he "had an agreement . . . that [Patterson] would take over and do everything since [he] was not able to do anything. . . . Bob Patterson was supposed to be taking care of [the lawsuit]." Advising persons about their rights and the advisability of making legal claims, as Patterson contracted to do when he agreed to manage the legal proceedings for Pritchard, requires the use of legal skill and knowledge and embodies the practice of law. *Green v. Unauthorized Practice of Law Comm.*, 883 S.W.2d 293, 298 (Tex. App.—Dallas 1994, no writ).

The fact that Patterson then hired a third-party attorney to advocate on Pritchard's behalf in court does not change the fact that, by the contract's language, *Patterson* was required to "obtain payment of the notes" through the anticipated legal proceedings. The contract called for Patterson, not a third-party attorney, to acquire payment of the notes by either lawsuit or foreclosure,

2

both of which require the practice of law. While Patterson and Pritchard could have legally contracted to allow Patterson to hire an attorney and fully control the litigation—either by entering into a joint-venture agreement or by fully assigning Pritchard's cause of action to Patterson—the Performance Agreement does not reflect either of these legal alternatives.

Furthermore, entering into a contract to assist individuals with their claims in the context of property damage and personal injury disputes has been defined as the practice of law. *See Green*, 883 S.W.2d at 298; *Brown*, 742 S.W.2d at 37. In *Green v. Unauthorized Practice of Law Committee*, the "clients" entered into a contract and power of attorney giving Green the authority to do "whatever he needed to do" to settle his clients' claims. 883 S.W.2d at 298. The *Green* court held that "contracting with persons to represent them with regard to their personal causes of action for property damage or personal injury" and "entering into contracts with persons to represent them in their personal injury or property damage matters on a contingent fee basis" constituted the practice of law. *Id.* at 299.

Similarly, in *Brown v. Unauthorized Practice of Law Commitee*, Brown entered into contracts with individuals to "represent them in resolving their personal injury and/or property damage claims on a contingent fee basis." 742 S.W.2d at 37. Under the contracts, Brown reserved the right to hire legal counsel if necessary. *Id.* The Dallas Court of Appeals held that "entering into contracts with persons to represent them in their personal injury and/or property damage matters on a contingent fee together with an attempted assignment of a portion of the person's cause of action involves the practice of law." *Id.* at 42. Further, it concluded that entering into contracts "which

3

purport to grant the exclusive right to select and retain legal counsel to represent the individual in any legal proceeding" constituted the practice of law. *Id.*

I see no relevant difference between the contracts for the practice of law in *Green* and *Brown* and the contract at issue here. Though Pritchard's claim is not a personal injury or property damage claim, the actions to recover the collateral property also required the practice of law. The majority notes that debt collecting may be done legally by a non-lawyer. The actions contracted for, however, were not mere debt collection. The Performance Agreement and Power of Attorney anticipated that Patterson would either initiate a lawsuit to recover the money owed or initiate a foreclosure proceeding.

Given the fact that the clear language of the contract calls for Patterson to manage Pritchard's interests in a legal proceeding, I would hold that the Performance Agreement required Patterson to engage in the unauthorized practice of law. As courts will not enforce a contract made for the unauthorized practice of law, I would hold that the Performance Agreement is unenforceable and would affirm the trial court's summary judgment. *See Lewis v. Davis*, 199 S.W.2d 146, 149 (Tex. 1947) ("A contract to do a thing which cannot be performed without a violation of the law is void.").

_____

Diane M. Henson, Justice

Before Justices Henson, Rose and Goodwin

Filed: August 4, 2011