TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00211-CV






Bob T. Patterson, Appellant


v.


Perry Pritchard, Appellee






FROM THE DISTRICT COURT OF LLANO COUNTY, 424TH JUDICIAL DISTRICT

NO. 16134, HONORABLE PAUL DAVIS, JUDGE PRESIDING





C O N C U R R I N G A N D D I S S E N T I N G O P I N I O N


 I concur with the majority that appellee Perry Pritchard's no-evidence motion for
summary judgment was procedurally improper because Pritchard bore the burden of proving his
affirmative defense of illegality. See Tex. R. Civ. P. 166a(i). I cannot agree, however, with the
majority's conclusion that Pritchard failed to prove that the contract was illegal as a matter of law. 
I therefore respectfully dissent to the portion of the majority opinion reversing the trial court's
summary judgment.

 The practice of law embraces all advice to clients and all action taken for them in
matters connected with the law. Brown v. Unauthorized Practice of Law Comm., 742 S.W.2d 34,
41 (Tex. App.--Dallas 1987, writ denied). A person may confer legal advice not only by word of
mouth, but also by a course of conduct that encourages litigation and the prosecution of claims. Id.
at 40. A non-lawyer may not advise individuals of their legal rights, duties, and privileges under
the law. Id. 

 The language of the agreement--requiring Patterson to "obtain payment of the
notes . . . or [] obtain a return of the underlying collateral property," allowing Pritchard to terminate
the contract if no lawsuit is pending within three years, and allowing Patterson to terminate the
contract if he sees "no reasonable sufficient legal grounds" to anticipate recovery--makes clear that
the parties intended that the property or debt owed would be recovered by a lawsuit. Because
Patterson was personally charged with obtaining payment on the notes and because the parties
anticipated that this would be done through a lawsuit, we must necessarily interpret the agreement
as requiring Patterson to oversee and manage that lawsuit. Pritchard, in his deposition, supported
this interpretation of the contract, explaining that he "had an agreement . . . that [Patterson] would
take over and do everything since [he] was not able to do anything. . . . Bob Patterson was supposed
to be taking care of [the lawsuit]." Advising persons about their rights and the advisability of
making legal claims, as Patterson contracted to do when he agreed to manage the legal
proceedings for Pritchard, requires the use of legal skill and knowledge and embodies the practice
of law. Green v. Unauthorized Practice of Law Comm., 883 S.W.2d 293, 298 (Tex. App.--Dallas
1994, no writ).

 The fact that Patterson then hired a third-party attorney to advocate on Pritchard's
behalf in court does not change the fact that, by the contract's language, Patterson was required to
"obtain payment of the notes" through the anticipated legal proceedings. The contract called for
Patterson, not a third-party attorney, to acquire payment of the notes by either lawsuit or foreclosure,
both of which require the practice of law. While Patterson and Pritchard could have legally
contracted to allow Patterson to hire an attorney and fully control the litigation--either by entering
into a joint-venture agreement or by fully assigning Pritchard's cause of action to Patterson--the
Performance Agreement does not reflect either of these legal alternatives. 

 Furthermore, entering into a contract to assist individuals with their claims in the
context of property damage and personal injury disputes has been defined as the practice of law. See
Green, 883 S.W.2d at 298; Brown, 742 S.W.2d at 37. In Green v. Unauthorized Practice of Law
Committee, the "clients" entered into a contract and power of attorney giving Green the authority to
do "whatever he needed to do" to settle his clients' claims. 883 S.W.2d at 298. The Green court
held that "contracting with persons to represent them with regard to their personal causes of action
for property damage or personal injury" and "entering into contracts with persons to represent them
in their personal injury or property damage matters on a contingent fee basis" constituted the practice
of law. Id. at 299. 

 Similarly, in Brown v. Unauthorized Practice of Law Commitee, Brown entered into
contracts with individuals to "represent them in resolving their personal injury and/or property
damage claims on a contingent fee basis." 742 S.W.2d at 37. Under the contracts, Brown reserved
the right to hire legal counsel if necessary. Id. The Dallas Court of Appeals held that "entering into
contracts with persons to represent them in their personal injury and/or property damage matters on
a contingent fee together with an attempted assignment of a portion of the person's cause of action
involves the practice of law." Id. at 42. Further, it concluded that entering into contracts "which
purport to grant the exclusive right to select and retain legal counsel to represent the individual in
any legal proceeding" constituted the practice of law. Id. 

 I see no relevant difference between the contracts for the practice of law in Green and
Brown and the contract at issue here. Though Pritchard's claim is not a personal injury or property
damage claim, the actions to recover the collateral property also required the practice of law. The
majority notes that debt collecting may be done legally by a non-lawyer. The actions contracted for,
however, were not mere debt collection. The Performance Agreement and Power of Attorney
anticipated that Patterson would either initiate a lawsuit to recover the money owed or initiate a
foreclosure proceeding. 

 Given the fact that the clear language of the contract calls for Patterson to manage
Pritchard's interests in a legal proceeding, I would hold that the Performance Agreement required
Patterson to engage in the unauthorized practice of law. As courts will not enforce a contract made
for the unauthorized practice of law, I would hold that the Performance Agreement is
unenforceable and would affirm the trial court's summary judgment. See Lewis v. Davis,
199 S.W.2d 146, 149 (Tex. 1947) ("A contract to do a thing which cannot be performed without a
violation of the law is void.").


 ___________________________________________

 Diane M. Henson, Justice

Before Justices Henson, Rose and Goodwin

Filed: August 4, 2011