ACCEPTED
15-25-00015-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
4/30/2025 2:12 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00015-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
4/30/2025 2:12:51 PM
CHRISTOPHER A. PRINE
Clerk

# IN THE COURT OF APPEALS
## FOR THE FIFTEENTH JUDICIAL DISTRICT OF TEXAS

**JAMIE SMITH, IN HIS OFFICIAL CAPACITY AS
DISTRICT CLERK OF JEFFERSON COUNTY, TEXAS,**

**APPELLANT**

**V.**

**MEGAN LAVOIE, IN HER OFFICIAL CAPACITY AS ADMINISTRATIVE
DIRECTOR TEXAS OFFICE OF COURT ADMINISTRATION,**

**APPELLEE**

On Appeal from the 455th Judicial District Court of
Travis County, Texas, Cause No. D-1-GN-24-005976

BRIEF OF APPELLANT, JAMIE SMITH, IN HIS OFFICIAL CAPACITY AS
DISTRICT CLERK OF JEFFERSON COUNTY, TEXAS

**Jefferson County
District Attorney's Office
1085 Pearl Street-3rd Floor
Beaumont, Texas 77701
409-835-8550 (office)**

**Quentin D. Price
Assistant Civil Attorney
Quentin.Price@jeffersoncountytx.gov
State Bar No. 16303740
Kathleen M. Kennedy
Chief Civil Attorney
Kathleen.Kennedy@jeffersoncountytx.gov
State Bar No. 00798314**

**APPELLANT REQUESTS ORAL ARGUMENT**

i

## IDENTITY OF PARTIES & COUNSEL

**Appellant:**                              Jamie Smith, in his official capacity as District Clerk of Jefferson County, Texas

**Appellant's Counsel:**           Quentin D. Price
Assistant Civil Attorney
Quentin.Price@jeffersoncountytx.gov
State Bar No. 16303740
Kathleen M. Kennedy
Chief Civil Attorney
Kathleen.Kennedy@jeffersoncountytx.gov
Jefferson County District Attorney's Office
1085 Pearl St, 3rd Floor
Beaumont, Texas 77701
Telephone: 409-835-8550

**Appellee:**                               Megan LaVoie, in her official capacity as Administrative Director Texas Office of Court Administration

**Appellee's Counsel:**             William H. Farrell
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capital Station, MC-019
Austin, Texas 78711-2548
State Bar No. 00496531
Telephone: 512-936-2650
Fax: 512-320-0667
Biff.farrell@oag.texas.gov

**Interested Parties:**              Courthouse News Service

**Interested Parties' Counsel:**    Matt Dow
Jackson Walker LLP
100 Congress Avenue, Suite 1100
Austin, Texas 78701
State Bar No. 06066500

Telephone: (512) 236-2000
Facsimile: (512) 236-2002
mdow@jw.com

**Trial Judge:**                   Honorable Laurie Eiserloh
455th Civil District Court
Travis County, Texas

**TABLE OF CONTENTS**

                                                                                    **Page**

Identity of Parties and Counsel ...................................................................ii-iii

Index of Authorities ................................................................................. v-vii

Statement of the Case .................................................................................2

Statement Regarding Oral Argument.............................................................2

Issues Presented ..........................................................................................3

Statement of the Facts..................................................................................3

Summary of the Argument .........................................................................17

Argument....................................................................................................19

Standard of Review.....................................................................................19

    Issue No. 1: Did the Trial Court Error by granting LaVoie's Motion to Dismiss?........................................................................................21

Conclusion ..................................................................................................29

Certificate of Compliance............................................................................30

Certificate of Service ..................................................................................31

**APPENDICES**:                                                                        **Tab**

Order Granting Defendant Director Lavoie's Motion to Dismiss Plaintiff's Original Petition for Declaratory Judgment .......................................................................1

# INDEX OF AUTHORITIES

## Cases

*Bexar Metropolitan Water Dist. v. City of Buverde*, 156 S.W.3d 79 (Tex. App. – Austin 2004) ............................................................................................23

*Borgelt v. Austin Firefighters Association, IAFF Local 975*, 692 S.W.3d 288 (Tex. 2024) ....................................................................................................28

*Branzburg v. Hayes*, 408 U.S. 665, 92 S.Ct. 2646, 2658, 33 L.Ed.2d 626 (1972) .....10

*City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009) .................................. 23, 28

*City of Galveston v. Gray*, 93 S.W.3d 587 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) .............................................................................................20

*City of San Antonio v. Maspero*, 640 S.W.3d 523 (Tex. 2022) .......................... 19, 20

*Coastal Habitat Alliance v. Public Utility Com'n of Texas*, 294 S.W.3d 276 (Tex. App. – Austin 2009).......................................................................................23

*Courthouse News Service v. Jackson*, Civil Action No. H-09-1844, 2009 WL 2163609 (S.D. Tex. July 20, 2009) .............................................................................4

*Courthouse News Service v. Price*, Civil Action No. 1:20-cv-1260, 2021 WL 5567748 (W.D. Tex. Nov. 29, 2021) ...............................................................................5

*General Servs. Comm'n v. Little-Tex. Insulation Co.*, 39 S.W.3d 591 (Tex. 2001)....20

*Green v. Texas Comptroller of Public Accounts*, 697 S.W.3d 305 (Tex. App. El Paso,

2023) ................................................................................................................24

*Howell v. Texas Workers' Compensation Com'n*, 143 S.W.3d 416 (Tex. App. –

Austin, 2004) ..................................................................................................23

*In re Kasschau*, 11 S.W.3d 305 (Tex.App. – Houston [14th Dist.] 1999, org.

proceeding) ....................................................................................................25

*Lewis v. Davis*, 145 Tex. 468, 199 S.W.2d 146 (1947)..................................25

*Meyers v. JDC/Firethorne, Ltd*, 548 S.W.3d 477 (Tex. 2018) ...................24

*Philadelphia Indemnity Ins. Co. v. White*, 490 S.W.3d 468 (Tex. 2016)...................25

*Sierra Club v. Texas Nat. Res. Conserv. Comm'n*, 26 S.W.3d 684 (Tex. App.—Austin

2000) ...............................................................................................................21

*State of Texas v. Lueck*, 290 S.W.3d 876 (Tex. 2009) ..............................21

*Tex. Dept. of Criminal Justice v. Miller*, 51 S.W.3d 583 (Tex. 2001) ......................21

*Tex. Dept. of Insurance v. Stonewater Roofing, Ltd. Co.*, 696 S.W.3d 646 (Tex.

2024) ...............................................................................................................19

*Texas Ass'n Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440 (Tex. 1993) ..................21

*The University of Texas at Austin v. Hayes*, 327 S.W.3d 113 (Tex.2010) ................20

*Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692 (Tex. 2003)............................20

**Statutes**

42 U.S.C. § 1983 ................................................................................. 11, 18

Tex. Civ. Prac. & Rem. Code. § 37.002 ...................................................................23

Tex. Const. art. III § 51 ......................................................................................28

Tex. Const. art. III § 52 ............................................................................. 12, 28

Tex. Const. art. III § 50 ......................................................................................28

Tex. Const. art. XVI § 6 .....................................................................................28

Tex. Gov't Code §72.011 ............................................................................ 3, 21, 26

Tex. Gov't Code §72.023 ...............................................................................3, 15

Tex. Gov't Code §72.024 ............................................................................. 21, 26

Tex. Gov't Code §77.011 ....................................................................................16

Tex. R. Civ. P. 166a ...........................................................................................19

Tex. R. Civ. P. 21 ...............................................................................................12

Tex. R. Civ. P. 21c .................................................................................... passim

Tex. R. Civ. P. 59 ...............................................................................................19

Tex. R. Civ. P. 91a ...................................................................................... 2, 17, 19

No. 15-25-00015-CV

---

**IN THE COURT OF APPEALS
FOR THE FIFTEENTH JUDICIAL DISTRICT OF TEXAS**

---

**JAMIE SMITH, IN HIS OFFICIAL CAPACITY AS
DISTRICT CLERK OF JEFFERSON COUNTY, TEXAS,**

APPELLANT

**V.**

**MEGAN LAVOIE, IN HER OFFICIAL CAPACITY AS ADMINISTRATIVE
DIRECTOR TEXAS OFFICE OF COURT ADMINISTRATION,**

APPELLEE

---

**On Appeal from the 455th Judicial District Court of
Travis County, Texas, Cause No. D-1-GN-24-005976**

---

**BRIEF OF APPELLANT, JAMIE SMITH, IN HIS OFFICIAL CAPACITY AS
DISTRICT CLERK OF JEFFERSON COUNTY, TEXAS**

---

**Jefferson County
District Attorney's Office
1085 Pearl Street-3rd Floor
Beaumont, Texas 77701
409-835-8550 (office)**

**Quentin D. Price
Assistant Civil Attorney
Quentin.Price@jeffersoncountytx.gov
State Bar No. 16303740
Kathleen M. Kennedy
Chief Civil Attorney
Kathleen.Kennedy@jeffersoncountytx.gov
State Bar No. 00798314**

1

TO THE HONORABLE JUSTICES OF THE FIFTEENTH COURT OF APPEALS:

COMES NOW, Jamie Smith, in his official capacity as District Clerk of Jefferson County Texas ("Appellant" or "Smith") Appellant herein and Plaintiff at the trial court, and presents this, his Brief of Appellant, and, in support thereof, would respectfully show unto the court as follows:

## STATEMENT OF THE CASE

Smith sought Declaratory Judgment against Megan LaVoie ("LaVoie"), in her official capacity as Director of the Office of Court Administration ("OCA"), and Courthouse News Service ("CNS"), as an interested party. (CR p. 438-805) The trial court **granted** LaVoie's Motion to Dismiss under Rule 91a of the Texas Rules of Civil Procedure and a plea to the jurisdiction. (APX. 1) (CR p. 808) Smith filed a Motion for New Trial, that was overruled by operation of law. (CR p. 809-813) Smith appealed. (CR p. 815-817 & 818-820)

## STATEMENT REGARDING ORAL ARGUMENT

Smith seeks oral argument in this matter. This is an important case that has State wide implications. Specifically, this Court's opinion will affect how the clerk of every State Court in the State of Texas responds to requests for access to court records. As such, oral argument would be appropriate in this matter to emphasize

and clarify the written arguments in the briefs and to insure that all questions the judges may have are answered.

### ISSUES PRESENTED

1.    Did the Trial Court error by granting LaVoie's Motion to Dismiss?

### STATEMENT OF THE FACTS

The Office of Court Administration ("OCA") is an agency of the State and operates under the direction and supervision of the Texas Supreme Court and the Chief Justice of the Texas Supreme Court.  Tex. Gov't Code §72.011.  The OCA is statutorily directed to provide for the "efficient administration of justice and **shall assist court clerks.**"   Tex. Gov't Code §72.023(c) (emphasis added).  In December of 2012, in an effort to accomplish the efficient administration of justice, the Texas Supreme Court ordered electronic filing ("e-filing") in civil cases throughout Texas. (CR p. 454-458). The e-file system is administered by the OCA. (CR p. 292) In December of 2013, the Texas Supreme Court created new rules, and amended rules, to assist with the new e-filing system. (CR p. 459-525). Specifically, the Supreme Court created Rule 21c, Privacy Protection for Filed Documents, of the Texas Rules of Civil Procedure. *id.* Rule 21c explicitly requires clerks to refuse a

3

document that contained sensitive information as prescribed by this rule. *id.*, *see also* Tex. R. Civ. P. 21c.[1]

On December 23, 2020, the OCA, through its Administrative Director David Slayton, entered into a Master Service Agreement with Tyler Technologies to implement "eFile Texas 2.0." (CR p. 526-603). All attorneys filing documents in a Texas State Court shall electronically file same using the e-file.gov system. (CR p. 454-458) All newly filed lawsuits also are required to use this system and follow the Texas Supreme Court orders and rules on electronic filing. *id.*

In June of 2009, CNS initiated a suit against the Harris County District Clerk for violations of the First Amendment due to the length of time it took for new civil lawsuits to be processed by the clerk in order for CNS to review them. *Courthouse News Service v. Jackson*, Civil Action No. H-09-1844, 2009 WL 2163609 *1-2, (S.D. Tex. July 20, 2009). While this case was filed prior to e-filing in 2009, CNS asked the court to amend their agreed judgment to account for e-filing in 2020. (CR p. 604-625) As part of the Harris County District Clerk's response, they included an affidavit detailing their concern with the use of the "Press Review Tool" ("PRT").[2] (CR p. 657)

---

[1] All statutory references are to the Texas Rules of Civil Procedure unless noted otherwise.
[2] The "Press Review Tool" is also referred to as the "Press Review Queue". (CR p. 720, & 750) Also, Smith's counsel mistakenly listed the PRT as the "Press *Release* Tool" in his Original Petition for Declaratory Judgment but same was corrected in his First Amended Petition for Declaratory Judgment. (*Compare* CR p. 5 to p. 443)

4

The Harris County District Clerk's Office believed it was inevitable that sensitive information would be disclosed if same was, accidentally or intentionally, included in the filing of a new civil lawsuit because the suit had not previously been reviewed by a clerk if the PRT was used. (CR p. 620-625)

In 2021, CNS filed suit in the Federal District Court for Western District of Texas against Travis County District Clerk Velva Price and Megan LaVoie, Administrative Director of the OCA, challenging the "policy and practice of withholding **public** and press access to new civil petitions electronically filed with the District Clerk until after administrative processing by District Clerk staff" claiming the delay violated the First Amendment. *Courthouse News Service v. Price*, Civil Action No. 1:20-cv-1260, 2021 WL 5567748 *1-2, (W.D. Tex. Nov. 29, 2021). (emphasis added) CNS dismissed their case when it appeared Judge Ezra was not going in CNS's favor after he commented that even federal courts, including the Supreme Court, do not make new filings available instantaneously. (CR p. 626-656).

On June 23/24, 2022, while the Western District of Texas case was proceeding, LaVoie signed an Amendment to the Tyler Technology Master Service Agreement to add Tyler's Press Review Tool software ("PRT") to "be offered to all Courts statewide." (CR p. 657-658) The PRT is a "web-based tool that allows Authorized Users, as selected by the Courts, access to the Court's documents and

records <u>at or near the time of filing, before such filings have been accepted by the court clerk</u>." *id.* (CR p. 657) (emphasis added). The "web" and "Internet" are synonyms. The OCA is to pay $108,000 annually for this "tool" along with $27,000 quarterly with a 3% fee increase each year. *id.* The PRT grants instant access to newly filed suits. So, while LaVoie has entered into a contract amendment with Tyler Technologies, that appears to be optional, it is only optional until the clerk is sued by CNS or by some other news organization or a member of the public.

During the hearing held before Judge Ezra discussed above, Counsel for CNS explained to the Court, in detail, that Travis County's use of the PRT was providing CNS access to newly filed Petitions "almost immediately" upon filing and the Petitions were not reviewed by clerks before CNS was granted access. (CR p. 646-647) Accordingly, LaVoie knew as of the date of the hearing, August 24, 2023, that sensitive data was being provided via the Internet to CNS in violation of Rule 21c(f) of the Texas Rules of Civil Procedure. Obviously, once the sensitive data that inevitably is filed in some Petitions is in CNS's possession, CNS has control over how such information will be handled and distributed, not LaVoie or any clerk that allows the use of the PRT. It certainly can be posted "on the Internet" in violation of Rule 21c(f).

In February 2020, Texas Judicial Committee on Information Technology

6

("JCIT") considered CNS's request that the JCIT "…recommend to the Supreme Court that OCA" should implement the PRT. (CR 750-755) The JCIT voted to recommend to the Texas Supreme Court that it should "…deny the request of Courthouse News for a pre-processing press queue at this time." (CR p. 750) The Texas Supreme Court accepted JCIT's recommendation and rejected CNS's request. (CR p. 727-730) As of November 6, 2020, the OCA was well aware of this fact. (CR p. 730) Further, in November 2020, the OCA recognized the importance of not creating the PRT because a clerk's review of filings before they are made available to CNS/the public was required by Rule 21c. Specifically, David Slayton, then Director of the OCA, recognized that "perhaps most importantly, clerks [review of documents before they are filed] **ensure that sensitive data has been redacted before filings are accepted. Tex. R. Civ. P. 21c(f) (providing that documents that contain sensitive data 'must not be posted on the Internet').**" (CR p. 729) (emphasis added) Equally important, Director Slayton recognized that providing CNS access to pre-reviewed documents would potentially post to the Internet "sensitive data." *id.* Yet knowing this in November of 2020, and that the Texas Supreme Court had rejected the inclusion of the PRT at the time, in June of 2022, on behalf of the OCA, LaVoie signed a contract Amendment with Tyler Technologies to **"create a press review queue of pleadings filed but not reviewed or accepted**

**by the clerks."** (CR p. 730 & 750) (emphasis added) As of February 2024, the technology standards approved by the Texas Supreme Court and the Court of Criminal Appeals do not provide for instant access to filings before they are reviewed by the clerks. (CR p. 687, 704, & 800-803) LaVoie exceeded her authority by contracting to allow CNS instant Internet access when the Texas Supreme Court and the Texas Court of Criminal Appeals had denied such instant access. *id.*

At the time of the Amendment to the OCA/Tyler Technology Contract that added the PRT, the previous Director of the OCA, David Slayton, knew that "sensitive date … could be inadvertently released to the public in violation of Texas Rule of Civil Procedure 21c(f)". (CR p. 727-730) When LaVoie became Director of the OCA, because the OCA is a non-voting member of the JCIT and provides the staff for the JCIT, she knew the same information that Slayton knew. (CR p. 293, fn. 5) After becoming Director of the OCA, and having been sued by CNS, CNS admitted, possibly in LaVoie's presence, that their instant access to newly filed petitions provided them with sensitive data. (CR p. 646-647) Accordingly, LaVoie knew as of the date of the hearing, August 24, 2023, that sensitive data was being provided via the Internet to CNS in violation of Rule 21c(f) of the Texas Rules of Civil Procedure and the Technology Standards adopted by the Texas Supreme Court/Texas Court of Criminal Appeals. *id.* Further, the previous Director of the OCA

8

admitted that "[c]hanges to the technical processes related to the electronic filing of documents must be made at the statewide level, since all filings proceed through the statewide electronic filing manager that is operated under a contract between the Office of Court Administration and Tyler Technologies, Inc." (CR p. 729) The former Director of the OCA recognized that it should be the State Agency that handled the CNS litigation so that filings with clerks would be uniform state wide. *id.* Plaintiff has now been brought into CNS's litigation because, rather than defend the CNS suit, LaVoie, without Supreme Court approval, created the PRT and now uses the PRT as her defense to get out of the new litigation. (CR p. 732) Today, LaVoie's defense to CNS litigation expressly leaves the district clerks to fend for themselves in CNS's suit. (CR p. 732-733)

Since LaVoie did not do her statutory duty to "assist clerks" when she created the PRT, many district clerks have been forced to acquiesce to CNS's demand to use the PRT to avoid the cost of defending CNS's suit. (CR p. 445, 797-799, & 804-806) CNS's suit(s) should have been handled by the OCA, the State of Texas Agency in charge of the electronic filing system, through the Texas Attorney General's Office. (CR 727-730) Such would develop a "statewide" standard. *id.* Rather than "assist clerks," LaVoie has thrown the district clerks under the bus. (CR p. 731-749) Specifically, ten or so District Clerks have been forced to acquiesce to CNS's demand

9

that these clerks use the PRT. (CR p. 797-799, & 804-806) LaVoie has judicially admitted that the use of the PRT makes newly filed Petitions available via the Internet to CNS while such documents contain sensitive data because they have not been reviewed by a clerk before they are available to CNS. (CR p. 293) She knows that clerks that use the PRT will be disclosing on the Internet sensitive data in violation of Rule 21c(f). (CR p. 293, 646-648, 727-730, & 732-733)

Use of the PRT has been limited to CNS and Lavoie knows this as she specifically included a provision in the OCA/Tyler Amendment that limited access to court records to "Authorized Users." (CR p. 293 & 657) LaVoie, as a licensed attorney in the State of Texas, knows that a governmental entity allowing access to information held by it to one, and not all, violates the First Amendment Constitutional Right of equal access to information to the citizens of the State of Texas because the right of access to information is being provided to CNS but not citizens generally. *See*, *Branzburg v. Hayes*, 408 U.S. 665, 684, 92 S.Ct. 2646, 2658, 33 L.Ed.2d 626 (1972) ("...the First Amendment does not guarantee the press a constitutional right of special access to information not available to the public generally.") (string cite omitted). (CR p. 445-446) The PRT, created and solely authorized by LaVoie, is causing clerks that use it to expose themselves to a new set of 42 U.S.C. § 1983 lawsuits because they are not making it available to all

citizens. *id.* Again, LaVoie is not assisting clerks of the court but directly working against their best interests.

Twice, since June 23, 2022, when the OCA added the PRT to the OCA/Tyler Technology Contract, the Texas Supreme Court/Texas Court of Criminal Appeals have adopted Technology Standards for the courts to follow in the State of Texas. (CR p. 687-719, 800-803, & 760-796) Specifically, on September 11, 2023, they adopted Technology Standards, Version 7.1. CR p. 760-796) Again, as recent as March 6, 2024, they adopted Technology Standards, 8.0. (CR p. 800-803 & 687-719) The Technology Standards between the Version 7.1 and 8.0, section 4.8.3, which addresses time clerks have to accept or reject a filing, are identical. (Compare CR p. 704 to 782) Version 8.0, section 4.8.3, is quoted below. Neither Version allows for instant access to anyone, including CNS, other than the clerks and OCA. Accordingly, these courts have not approved instant access through the PRT. (CR p. 446) As such, the OCA/Tyler Technologies Amendment violates these courts' orders establishing technology standards. Likewise, neither of these courts have approved the use of the PRT by clerks. *id.*

As noted, the only person or entity that has access to the information from the use of the PRT is CNS. (CR p. 446) LaVoie spends over $108,000/year for this Amendment to the OCA/Tyler Technologies contract (CR p. 657) The PRT is of no

11

benefit to anyone other than CNS. (CR p. 446) As such, LaVoie entering into the Amendment to the OCA/Tyler Technologies to add the PRT constitutes a gift of public funds to CNS in violation of article III, subsection 52(a) of the Texas Constitution. (CR p. 446)

When a plaintiff's attorney files an original civil petition, they are mandated to e-file such documents. (CR p. 454-458) The petition is initially transmitted to the Electronic Filing Manager ("EFM"), which receives and houses electronic documents submitted by filers throughout the State. The EFM is under the exclusive control of the OCA. (CR 447, 640-641, 664, 728, & 731) *See*, Tex. R. Civ. P. 21 (f). The OCA literally has access and control over every newly filed petition filed in State Court where the suit was filed using the e-file system. *id.* The clerks of the court where the case will land can review the newly filed petitions and accept, reject, or return for corrections. (CR p. 293, & 728-729) Once the newly filed petition is accepted by the clerk of the court where the case will be heard, it is automatically removed from EFM. *id.*

The current Rule 21c, in pertinent part, requires that documents filed with district and county clerks throughout the State "that contain sensitive data in violation of this rule **must not be posted on the Internet.**" Tex. R. Civ. P. 21c(f) (emphasis added). In fact, the OCA requires that clerks manually review each

document before it is made available to the public. (CR p. 621) As obviously contemplated by the Texas Supreme Court, for whatever reason, some original petitions filed in State Courts contain "sensitive data." (CR p. 447 & 621) The clerks' review of newly filed original petitions, in part, are done to determine if the filer has included "sensitive data." Tex. R. Civ. P. 21c(a). *id.* When a clerk rejects a filing, they notify the filer why the petition has been rejected. *id.* The reason for the rejection is served on the filer and is electronically stored by the OCA. (CR p. 447 & 728) Smith, through the OCA, and LaVoie, by a simple request of personnel employed in her office, can obtain a report from each clerk in the State that includes the explanation of all rejections. (CR p. 447) In the last year, Smith's Office has rejected several initial filings for containing sensitive data, including a minor's name, and driver's license numbers. (CR p. 447) Accordingly, Lavoie is fully aware of the fact that some original petitions containing "sensitive data" are regularly filed throughout the State. (CR p. 293, & 447) In the limited number of filings in this case, LaVoie has never represented to the court that CNS was **not** receiving "sensitive data" via the use of the PRT. (CR p. 447) (emphasis added)

As a news organization, CNS has filed numerous lawsuits in federal courts in the State of Texas, and across the Country, contending, in relevant part, that they are entitled to instant access to new civil filings that are not family law related

13

cases. (CR p. 448) CNS contends that access short of instant violates their First Amendment Rights under the U.S. Constitution. *id.* LaVoie has been repeatedly named in the CNS lawsuits filed in federal courts in the State of Texas. *id.* LaVoie is once again sued in federal court, this time in the Eastern District of Texas, along with Smith, where CNS is seeking to force Smith and 20 other district clerks to implement the Press Review Tool. (CR p. 259-286). CNS asserts that not using this "tool" violates their First Amendment right. (CR p. 448)

LaVoie's entering into the Amendment to the OCA/Tyler contract is in direct contravention of Rule 21c. *id.* The only thing the Amendment accomplishes is the prohibited conduct of posting to the web "sensitive data." *id.* LaVoie knows that sensitive data is being published on the web to CNS, and possibly others, when clerks use the PRT. (CR p. 293 & 448) Further, LaVoie's entering into this Amendment violates her statutory obligation to "assist court clerks." (CR p. 448) This Amendment to the contract can only lead clerks to violate the law. (CR p. 448 & 621) This is because the use of the PRT releases "sensitive data" included in an original petition immediately and same is posted to the web before the clerks have time to review the petition to reject same for filing when it contains "sensitive data." CR p. 293, 448, & 621-622) Further, LaVoie's entering into this contract Amendment assures that court clerks will be sued for not using the PRT, which is

obviously not of assistance to the clerk who is sued. *id.* In fact, LaVoie's entering into the OCA/Tyler Amendment creates evidence for CNS to use against clerks in the State of Texas when CNS sues them. (CR p. 448 & 621-622) CNS argues that the State Agency responsible for the "efficient administration of justice" has contractually approved the use of the PRT. Tex. Gov. Code §72.023(c) (CR 662) Not so amazing, LaVoie does not provide the information directly to CNS, which they are capable of doing, because she does not wish to directly violate the law. (CR p. 448-449, & 673) LaVoie does not want to violate Rule 21c and other privacy laws. *id.* By creating the PRT, LaVoie forces the clerks to violate the law. *id.* The Amendment of the OCA/Tyler contract, which LaVoie approved, cannot be performed without violating the law and even Tyler Technologies places a disclaimer in the Amendment stating,

> "In no event shall Tyler be liable to OCA (nor to any person claiming any right, title or interest derived from or as a successor to OCA's right, title and interest), any Authorized User or any third party, with respect to (i) use of the PRT by Authorized Users in violation of any applicable federal, state or local laws, regulations or policies, or (ii) access to, or use or disclosure of, Confidential Information stored, maintained or processed in the PRT by OCA, an Authorized User or a third party."

(CR p. 658). As such, this Amendment to the contract is void. (CR p. 449)

In February, 2024, The Judicial Committee on Information Technology came out with Technology Standards that govern e-filing in Texas. (CR p. 687-719) The

15

Judicial Committee on Information Technology is legislatively created and operates under the direction and supervision of the Chief Justice of the Texas Supreme Court. Tex. Gov't Code §77.011. This Committee issued Version 8.0, which are updated technology standards, in February 2024, that specifically states,

*4.8.3 ACCEPTANCE OF DOCUMENTS TENDERED FOR FILING*

A clerk must accept a document tendered for e-filing unless specifically authorized not to accept the document(s) by statute, Texas Rules of Appellate Procedure, or by the Texas Rules of Civil Procedure for the reasons listed below.
<u>Absent extraordinary circumstances, clerks must accept, return for correction, or reject documents as so authorized on the same business day they are received by the clerk's office, and no later than the end of the next business day when circumstances make it impracticable to do so on the same business day.</u> This standard does not require processing filings after regular business hours, on weekends, holidays, or when the clerk's office is closed. (emphasis added).

(CR p. 704-705)[3] Therefore, the Judicial Committee on Information Technology, under the direction and supervision of the Chief Justice of the Texas Supreme Court, gives clerks 24 hours to accept a new lawsuit, absent extraordinary circumstances, not instantaneous. Nowhere in the Technology Standards does it reference the Press Review Tool.

---

[3] Effective December 2024, The Texas Supreme Court/Texas Court of Criminal Appeals adopted Version 9.0 of the Technology Standards. *See* https://www.txcourts.gov/media/1435816/technology-standards.pdf\. Directive 4.8.3 is unchanged from 8.0. (Compare Cr p. 704-705 to p. 18-19 of Version 9.0)

It is ironic that CNS is requesting a federal district court to compel an act that neither the federal district courts, nor the U.S. Supreme Court, do themselves. (CR p. 450) The eFile system for the federal government, PACER, shows on their website that newly filed cases typically appear in the PACER system within 24 hours. (CR p. 450 & 720-721) The U.S. Supreme Court, through their "Guidelines for the Submission of Documents to the Supreme Court's Electronic Filing System" Section 10 states that,

> (a) Filings that initiate a new case at the Supreme Court will be posted on the Court's website only after the Clerk's Office has received and reviewed the paper version of the filing, determined that it should be accepted for filing, and assigned a case number.

(CR p. 722-726).

Procedurally, LaVoie filed her Motion to Dismiss Plaintiff's Original Petition for Declaratory Judgment based on Rule 91a of the Texas Rules of Civil Procedure and as a Plea to the Jurisdiction. The trial court granted her Motion. (CR p. 808) (APX.1)

## SUMMARY OF THE ARGUMENT

Smith and all the clerks of the court in the State are the statutory beneficiaries of LaVoie's assistance. Yet, LaVoie has aggressively and illegally worked against the best interest of the clerks of this State. Specifically, LaVoie

created the PRT exclusively for CNS's use, which, when used as LaVoie intended, will cause the clerks to: 1) violate Rule 21c by disclosing sensitive data via the Internet; 2) usurp the Texas Supreme Court's Technology Standards; 3) overturn the Texas Supreme Court's rejection of CNS's request for the creation of the PRT; 4) violate every citizen's right of equal access to court records that CNS has; and 5) exposes the clerk/county to significant damage claims by each and every citizen whose right of equal access have been knowingly violate under 42 U.S.C. § 1983. The Amendment to the OCA/Tyler Technologies Contract is void because: 1) LaVoie had no authority to execute same; and 2) makes a gift of public funds to CNS by the creation of the PRT. Smith was directly sued by CNS as a result of LaVoie's creation of the PRT, and the PRT, plus the fact LaVoie approved same, is used by CNS as evidence against Smith. Smith has been injured by LaVoie's actions and has standing to challenge her illegal act of agreeing to the creation of the PRT and have the contract declared void. LaVoie's sovereign immunity has been waived because Smith does not seek money damage but merely seeks to compel a government employee to comply with the law, which waives her immunity.

## Standard of review

## Rule 91a

Appellate courts apply a *de novo* standard of review under Rule 91a. Tex. R. Civ. P. 91a, *see also, Tex. Dept. of Insurance v. Stonewater Roofing, Ltd. Co.*, 696 S.W.3d 646, 653 (Tex. 2024). Under Rule 91a(6), the court addressing a Rule 91a challenge, "may not consider evidence" and "must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." *id.* Rule 91a requires the dismissal of a cause of action that "has no basis in law or fact." *id.* "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *id.* "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *id.* In the present case, the trial court errored in granting LaVoie's Motion to Dismiss Plaintiff's Original Petition for Declaratory Judgment because Smith's pleadings were based on law and facts that would entitle him to relief. (APX. 1)

## Plea to the jurisdiction

This court's review of a plea challenging the existence of jurisdictional facts mirrors that of a traditional motion for summary judgment. *City of San Antonio v.*

*Maspero*, 640 S.W.3d 523, 528 (Tex.2022) (internal citation omitted); and Tex. R. Civ. P. 166a(c). If the pleadings and relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea as a matter of law. *See, Maspero*, 640 S.W.3d at 529, *citing The University of Texas at Austin v. Hayes*, 327 S.W.3d 113, 119 (Tex.2010). By legislative mandate under section 311.034 of the Texas Government Code, a statute must contain a clear and unambiguous expression of the Legislature's waiver of immunity. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003). That section, in pertinent part, provides:

> "In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language."

*See*, Tex. Gov't Code §311.034. The Legislature must express "its intent [to waive immunity] beyond doubt" and the courts "will construe ambiguities in a manner that retains the State's immunity." *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 701 (Tex. 2003).

A plea to the jurisdiction is proper to challenge a suit filed against a governmental unit when it is apparent from the pleadings and evidence that the governmental unit is immune from suit. *Maspero*, 640 S.W.3d at 528. The party suing the governmental entity must establish waiver of immunity, either by

20

reference to a statute or to express legislative consent. *General Servs. Comm'n v. Little-Tex. Insulation Co.*, 39 S.W.3d 591, 594 (Tex. 2001); *City of Galveston v. Gray*, 93 S.W.3d 587, 591 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). However, mere reference to a statutory provision that waives governmental immunity does not establish the state's consent to be sued and thus is not enough to confer jurisdiction on the trial court. *Tex. Dept. of Criminal Justice v. Miller*, 51 S.W.3d 583, 586-87 (Tex. 2001). Plaintiff has the burden of alleging facts that affirmatively establish the trial court's subject matter jurisdiction. *Texas Ass'n Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *see also*, *State of Texas v. Lueck*, 290 S.W.3d 876, 882 (Tex. 2009). A claim brought pursuant to a statute defines, enlarges or restricts the class of claims that a court may decide or the relief it may award. *Sierra Club v. Texas Nat. Res. Conserv. Comm'n*, 26 S.W.3d 684, 688 (Tex. App.—Austin 2000), *aff'd* 70 S.W.3d 809 (Tex. 2002). In the present case, the trial court errored by granting LaVoie's Motion to Dismiss. (CR p. 808) (APX. 1)

**Issue No. 1: Did the Trial Court Error by granting LaVoie's Motion to Dismiss?**

LaVoie recognizes her authority to make sweeping changes to how cases are handled by the courts and clerks in the State of Texas is limited to making recommendations to the Texas Supreme Court. (CR 291) Specifically, she asserts that "ultimately, any recommendations made by the Administrative Director are

21

subject to review and approval by the Supreme Court of Texas. Tex. Gov't Code §§ 72.011(a); 72.024(c)." *id.* Yet nowhere does LaVoie assert that she ever notified or received approval from the Texas Supreme Court to enter into an Amendment to the OCA/Tyler Technologies Contract to create the PRT. The creation and use of the PRT had been expressly, or impliedly, rejected by the Supreme Court on at least three different occasions. LaVoie acted outside of her authority, as admitted by her, when she approved the Amendment to contract to create the PRT which, when used by a clerk as intended by LaVoie: 1) Directly violates Rule 21c(f) by disclosing "sensitive date" on the Internet/web (CR p. 657); 2) her creation of the PRT superseded the Technology Standard #4.8.3 set by the Texas Supreme Court on three different occasions since she approved the OCA/Tyler Technologies Amendment (CR p. 294); 3) she reversed the Texas Supreme Court's rejection of CNS's request for the inclusion of the PRT as part of the electronic filing system (CR p. 293); and 4) she, and those clerks who follow her misguided lead, violate the right of every citizen of the State of Texas to have same equal access that CNS has to court filings because the PRT is keep secret, as LaVoie intended, by not publicizing to the public the availability of the PRT and the requirement that a user have a password to access information. (CR p. 293 & 657) Because LaVoie did not have the authority to enter into the Amendment of the OCA/Tyler Technologies

22

contract, her actions are null and void thus voiding the Amendment. Smith was sued as a direct result of LaVoie's creation of the PRT. Likewise, her actions exceeded her authority and are *ultra vires*. Further, because she drafted the Amendment to the OCA/Tyler Technologies Contract to limit access to court records, she is violating the citizens of Texas' right of access to court records that CNS has. Smith has standing to bring this suit for Declaratory Judgment against LaVoie.

Courts have allowed the State and counties to assert declaratory judgment actions. *Howell v. Texas Workers' Compensation Com'n*, 143 S.W.3d 416, 442 (Tex. App. – Austin, 2004) (holding that the Commission had standing to assert its counterclaims for declaratory relief.). The Declaratory Judgment Act is to be "liberally construed and administered." Tex. Civ. Prac. & Rem. Code. § 37.002(b). The Uniform Declaratory Judgment Act ("UDJA") was intended by the Legislature to be remedial, to settle and afford relief from uncertainty and insecurity with respect to rights. *Bexar Metropolitan Water Dist. v. City of Buverde*, 156 S.W.3d 79, 88 (Tex. App. – Austin 2004). "A person seeking a declaratory judgment need not have incurred actual injury. *id. (internal citation omitted)*. A suit may be brought for declaratory relief against a state official who allegedly acts without legal or statutory authority. *Coastal Habitat Alliance v. Public Utility Com'n of Texas*, 294

S.W.3d 276, 283 (Tex. App. – Austin 2009) *citing City of El Paso v. Heinrich*, 284 S.W.3d 366, 369-70 (Tex. 2009) *(internal citations omitted)*.  A plaintiff must show, of relevance here, that the injury is fairly traceable to the defendant's challenged action.  *Green v. Texas Comptroller of Public Accounts*, 697 S.W.3d 305, 311 (Tex. App. El Paso, 2023).   The traceability requirement ensures there is "a causal connection between the plaintiff's injury and the defendant's conduct" and thus "serves as a means of identifying the proper defendant." *id. citing Meyers v. JDC/Firethorne, Ltd*, 548 S.W.3d 477, 485 (Tex. 2018).  An injury can be traceable to an action by a defendant when the defendant, "[b]y determinative or coercive effect upon the action of someone else," cause injury to the Plaintiff.  *id. (internal citation omitted).*  In the present case, CNS would not be able to compel Plaintiff to use the PRT if it was not created by the Amendment to OCA/Tyler Technologies Contract.  LaVoie amended the contract when she got sued.  LaVoie did not have the legal authority to enter into a contract Amendment that violated Rule 21c. Likewise, the Texas Supreme Court/Texas Court of Criminal Appeals has determined that instant access to the clerk's records, before the records have been reviewed should not be granted, particularly to CNS.  LaVoie has exceeded her authority by countermanding the Highest Courts in the State's authority to control the courts.  The OCA paying any future money to Tyler Technologies under the

24

Amendment to the contract in question usurps the authority of the Highest Courts in the State to govern clerks and lower courts. Because of this, LaVoie has allowed Smith to be sued as a direct result of the Contract Amendment, which will cause Smith to violate state law should he acquiesce to CNS's demand to use the PRT. Clerks that have thus acquiesce are presently violating Texas Law. Accordingly, Plaintiff has standing to bring this suit.

The law is clear, "'[a] contract to do a thing which cannot be performed without violation of the law' violates public policy and is void.'" *id. Philadelphia Indemnity Ins. Co. v. White*, 490 S.W.3d 468, 483 (Tex. 2016), *citing In re Kasschau*, 11 S.W.3d 305, 312 (Tex.App. – Houston [14th Dist.] 1999, org. proceeding) (*quoting Lewis v. Davis*, 145 Tex. 468, 199 S.W.2d 146, 148-49 (1947). *id.* In the present matter, the "thing" that the amendment to the OCA/Tyler contract created was the inclusion of the PRT. *id.* Use of the PRT by a clerk makes all filings instantly accessible to the public/media. *id.* Such instant access discloses "sensitive data" as defined by Rule 21c of the Texas Rules of Civil Procedure. *id.* The disclosure of the "sensitive data" is illegal. *id.* LaVoie knows that the PRT posts "sensitive data" to the web. (CR p. 293, & 449) Likewise, Tyler Technologies knows that the PRT posts "sensitive data" as they disclaim all liability for confidential information that gets posted on the web. (CR p. 449 & 658) Further, the OCA/Tyler Amendment is a vital

25

piece of evidence CNS uses against clerks in their lawsuits to argue the State Agency responsible for administration of justice in Texas has approved the use of the PRT, which is a great benefit to CNS and extremely detrimental to clerks being sued by CNS. (CR p. 449 & 661-662) Conversely, LaVoie uses her creation of the PRT as her defense to CNS's suit, which, in effect, throws the clerks under the proverbial bus. (CR p. 732)

Assisting CNS with its lawsuits against clerks, and throwing the clerks under the bus, as a way of extricating herself from the litigation violates Ms. LaVoie's obligation to "assist court clerk." (CR p. 661-662, & 732) As such, the amendment to the COA/Tyler contract is void. (CR p. 450, 661-662 & 732)

According to LaVoie, she had no authority to Amend the OCA/Tyler Contract. She only has authority to recommend changes. (CR p. 291) "Ultimately, any recommendations made by the Administrative Director [LaVoie] are subject to review and approval by the Supreme Court of Texas. Tex. Gov't Code §§ 72.011 (a); 72.024(c)." *id.* Yet nowhere does she assert that the Texas Supreme Court ever reviewed, approved, or authorized her to amend the OCA/Tyler Technologies Contract to include the PRT. The evidence in this matter flatly refutes any argument that the Texas Supreme Court has approved instant access to newly filed petitions, including CNS. Specifically, the Texas Supreme Court, since the time LaVoie entered

26

into the OCA/Tyler Technologies Amendment, has repeatedly affirmed its directive on Technology Standards that clerks have 24 hours to make newly filed petitions available to the public. (CR p. 687-719, 800-803, & 760-796) Specifically, on September 11, 2023, they adopted Technology Standards, Version 7.1. (CR p. 760-796) Again, as recent as March 6, 2024, they adopted Technology Standards, 8.0. (CR p. 800-803 & 687-719) The Technology Standards between the Version 7.1 and 8.0, section 4.8.3, which addresses the time clerks have to accept or reject a filing, are identical. (Compare CR p. 704 to 782) (CR p. 687-719, 800-803, & 760-796) Specifically, on September 11, 2023, they adopted Technology Standards, Version 7.1. (CR p. 760-796) Finally, as of December 2024, the Supreme Court adopted Version 9.0, which affirmed the Technology Standards found in Version 7.1 and 8.0, section 4.8.3, which addresses the time clerks have to accept or reject a filing and are identical. (Compare CR p. 704 to 782) Smith is simply trying to force LaVoie to act within her authority and not outside of her authority, as she has done by Amending the OCA/Tyler Technologies Contract. As such, LaVoie has admitted to engaging in *ultra vires* activities and the OCA/Tyler Technologies Amendment is void as against public policy.

Smith sought a declaration that the over $100,000/per year paid to Tyler Technologies is a gift of public funds from the OCA to CNS because the terms of the

27

contract Amendment *de facto* limits use of the PRT to CNS. (CR p. 452 & 657) Smith alleged that LaVoie's approving the Amendment to the OCA/Tyler Technologies that created the PRT violated the Texas Constitution prohibition against making a gift of public funds under article III, subsection 52(a). *See* Tex. Const. art III, § 52(a).[4] (CR. 452) The Texas Supreme Court recently addressed the issue of a governmental entity making a gift of public funds. *See, Borgelt v. Austin Firefighters Association, IAFF Local 975*, 692 S.W.3d 288 (Tex. 2024). While the Court in *Borgelt* was addressing a suit that had been brought by a taxpayer against, in pertinent part, a governmental entity, such analysis equally applies when one governmental entity sues another governmental seeking to have the actions of the later declared void. Finally, LaVoie's immunity from suit has been waived because Smith does not seek money damages but merely seeks to have the rights of the parties determined. *Heinrich*, 284 S.W.3d at 368. Sovereign immunity protects the State from lawsuits for money damages. *Id.* Smith has standing to bring suit against LaVoie and her governmental immunity has been waived.

---

[4] On remand, Smith will Amend his Petition to include additional provisions of the Texas Constitution that prohibits gifts of public funds to include, Tex. Const. art. III §§ 50, 51, *id.* art. XVI, § 6(a). Likewise, on remand, Smith will seek to enjoin LaVoie from paying public funds to Tyler Technologies because, as discussed, such is a gift of public funds to CNS and violates the law in the State of Texas, including the Texas Constitution.

## CONCLUSION

Smith seeks a judicial declaration from a Texas Court that court clerks' refusal to use the PRT is fully in compliance with Rule 21c, the Texas Supreme Court/Texas Court of Criminal Appeals Technology Standards, and such laws and Standards do not violate CNS's, and the public at large, equal right of access to court filings. Smith, as a statutory beneficiary of LaVoie's obligation to "assist clerks," has standing to bring this declaratory judgment action, which does not seek money damages, merely a declaration of the parties' rights. LaVoie's sovereign immunity has been waived for purposes of the declaratory judgment action. It is rather ironic that LaVoie, whose statutory duty is to "assist clerks," opposes such declaration. Smith requests that this Court reverse the trial court's Order Granting Defendant Directory LaVoie's Motion to Dismiss Plaintiff's Original Petition for Declaratory Judgment (CR p. 808; APX. 1) and remand this matter back to the trial court for further proceedings.

WHEREFORE, PREMISES CONSIDERED, Jamie Smith, in his official capacity as District Clerk of Jefferson County, Texas requests that this Court reverse the trial court's granting of Megan LaVoie's Motion to Dismiss Plaintiff's Original Petition for Declaratory Judgment, remand this matter back to the trial court for further

29

proceedings consistent with this Court's Order, and for such other and further relief to which the Smith shows himself justly entitled.

Respectfully submitted,

JEFFERSON COUNTY
DISTRICT ATTORNEY'S OFFICE

By: */s/ Quentin D. Price*
Quentin D. Price
Assistant Civil Attorney
Quentin.Price@jeffersoncountytx.gov
Texas Bar# 16303740
Kathleen M. Kennedy
Chief Civil Attorney
Kathleen.Kennedy@jeffersoncountytx.gov
Texas Bar# 00798314
1085 Pearl St., 3rd Floor
Beaumont, Texas 77701
(409) 835-8550

## CERTIFICATE OF COMPLIANCE

In accordance with Texas Rule of Appellate Procedure 9.4(i)(2)(B), the undersigned counsel hereby certifies that the computer generated word count of this response, exclusive of the portions excluded by Rule 9.4(i)(1), is 7,839.

*/s/ Quentin D. Price*
Quentin D. Price

30

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Brief of Appellant has been electronically filed with the Court and electronically served upon counsel for the opposing party on this the 30th day of April, 2025.

*/s/ Quentin D. Price*
Quentin D. Price

# APPENDIX

# 1

CAUSE NO. D-1-GN-24-005976

| | | |
|---|---|---|
| JAMIE SMITH, in his official capacity as District Clerk of Jefferson County, Texas, *Plaintiff,* | § § § § § | IN THE DISTRICT COURT OF |
| v. | § § § | 455th JUDICIAL DISTRICT |
| MEGAN LAVOIE, in her official capacity as Administrative Director, Texas Office of Court Administration, *Defendant.* | § § § § § | TRAVIS COUNTY, TEXAS |

## ORDER GRANTING DEFENDANT DIRECTOR LAVOIE'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL PETITION FOR DECLARATORY JUDGMENT

On the 28th day of October, 2024, the Court considered Defendant Megan Lavoie's Motion to Dismiss Plaintiff's Original Petition for Declaratory Judgment. After consideration of the motion, Plaintiff's Response, and argument of counsel, the Court finds that Defendant's Motion should be GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that Defendant Megan Lavoie's Motion to Dismiss Plaintiff's Original Petition for Declaratory Judgment is GRANTED and all Plaintiff's claims against Defendant Megan Lavoie are DISMISSED WITH PREJUDICE.

Signed this 1st day of November 2024.

_____
JUDGE PRESIDING

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office On 02/27/2025 10:09:03

VELVA L. PRICE
DISTRICT CLERK
By Deputy:

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sandra Mott on behalf of Quentin Price
Bar No. 16303740
sandra.mott@jeffersoncountytx.gov
Envelope ID: 100281709
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Brief of Appellant
Status as of 4/30/2025 2:51 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Quentin D.Price | | Quentin.Price@jeffersoncountytx.gov | 4/30/2025 2:12:51 PM | SENT |
| Sandra Mott | | Sandra.Mott@jeffersoncountytx.gov | 4/30/2025 2:12:51 PM | SENT |
| William Farrell | | biff.farrell@oag.texas.gov | 4/30/2025 2:12:51 PM | SENT |
| Matthew Dow | | mdow@jw.com | 4/30/2025 2:12:51 PM | SENT |
| Nicole Myette | | nicole.myette@oag.texas.gov | 4/30/2025 2:12:51 PM | SENT |
| John Edwards | | jedwards@jw.com | 4/30/2025 2:12:51 PM | SENT |